5 S.W.3d 782 (1999)
In the Matter of T.K.E., a Juvenile.
No. 04-98-00651-CV.
Court of Appeals of Texas, San Antonio.
September 8, 1999.
*783 Ward W. Elmendorf, San Antonio, for Appellant.
Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for Appellee.
Sitting: TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

OPINION
Opinion by: KAREN ANGELINI, Justice.
Following T.K.E.'s plea of true to the State's allegation of aggravated sexual assault, the trial court committed T.K.E. to the custody of the Texas Youth Commission for a determinative term of six years. T.K.E. appeals the commitment, contending that the evidence is not sufficient to support the trial court's findings. We affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND
On June 22, 1998, T.K.E. pled true to the State's allegation of sexual assault of a child by contact. The stipulated evidence included T.K.E.'s judicial admission of the State's allegation and the police report of the incident. The police report indicated that, on February 9, 1998, T.K.E. and his young cousin, A.E., were in A.E.'s bedroom when their grandmother noticed that the light was off and it had grown very quiet in the bedroom. She entered the bedroom to investigate and found T.K.E. standing above A.E. with his penis out of his pants. A.E. was on his knees in front of T.K.E., crying. The grandmother noticed what appeared to be spit or semen coming from A.E.'s mouth. She could not get A.E. to talk to her, so she called A.E.'s older brother, who arrived at the house and talked to A.E. A.E. told his brother that, on the day in question and on other occasions, T.K.E. forced A.E. to fondle and perform oral sex on him. A.E. also said that T.K.E. had threatened to hurt him if he told anyone.
In response to T.K.E.'s plea and the stipulated evidence, the juvenile court adjudicated T.K.E. delinquent. T.K.E. was permitted to return home that evening with his mother. The following morning, the court conducted a hearing on punishment. T.K.E.'s probation officer, Anthony Smith, testified for the State. Based on the serious nature of the offense and the intensive sexual offenders program available at the Texas Youth Commission, Smith recommended that T.K.E. be committed to the TYC. Smith noted that it would be possible for the juvenile probation department to send T.K.E. to one of two sexual offender's treatment centers as a condition of probation, but stated that he believed the TYC's program was more highly regarded.
Virginia Earls, the grandmother of both T.K.E. and the victim in this case, testified on behalf of T.K.E. While Ms. Earls noted that T.K.E. needed to "get some help," she did not believe confinement was appropriate. She stated her belief that probation would give T.K.E. a sense of accountability as well as something to keep him occupied. Accordingly, she noted that punishment would be accomplished even if T.K.E. was permitted to remain at home. Ms. Earls concluded her testimony by stating that T.K.E. should apologize.
*784 T.K.E.'s mother, Patricia Evans, also testified. She stated that she could fully support T.K.E. if he was placed on probation. She did not, however, provide any details as to how she would accomplish this. She noted that she was an unemployed single mother, whose only source of income was child support. Following his mother's testimony, T.K.E. took the stand on his own behalf. He read the following prepared statement and then stated that he had nothing further to say: "I want to tell my grandma that I want to say that I am sorry for the pain that I caused to my cousin and to my grandmother."
Following argument by both T.K.E. and the State, the juvenile court concluded that commitment was in T.K.E.'s best interest. Accordingly, the court entered an order of disposition committing T.K.E. to the Texas Youth Commission for a determinative sentence of six years.

ARGUMENT AND AUTHORITY
A juvenile court has broad discretion in determining a suitable disposition for a juvenile who has been adjudged to have engaged in delinquent conduct. See Matter of T.A.F., 977 S.W.2d 386, 387 (Tex.App.-San Antonio 1998, no writ); Matter of J.R., 907 S.W.2d 107, 110 (Tex. App.-Austin 1995, no writ). Accordingly, we, as a reviewing court, will not disturb the juvenile court's findings regarding disposition absent a clear abuse of discretion. See T.A.F., 977 S.W.2d at 387; Matter of C.C., 930 S.W.2d 929, 930 (Tex.App.-Austin 1996, no writ). The juvenile court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to guiding rules and principles. See T.A.F., 977 S.W.2d at 387.
The juvenile court's discretion in ordering a disposition is guided by section 54.04 of the Texas Family Code. If the court commits a juvenile to the Texas Youth Commission, the court must find and include in its disposition order its determination that:
(1) it is in the juvenile's best interests to be placed outside the juvenile's home;
(2) reasonable efforts were made to prevent or eliminate the need for the juvenile's removal from the home and to make it possible for the juvenile to return to the juvenile's home; and
(3) the juvenile, in the juvenile's home, cannot be provided the quality of care and level of support and supervision that the juvenile needs to meet the conditions of probation.
TEX. Fam.Code Ann. § 54.04(i) (Vernon 1996). In this case, the trial court included the required statutory language in its order of disposition. However, T.K.E. contends that the evidence is both legally and factually insufficient to support any of the section 54.04(i) findings and that, therefore, the trial court abused its discretion in committing him to the Texas Youth Commission.
Courts have historically struggled in deciding the appropriate standard for reviewing sufficiency of the evidence challenges in juvenile cases. Although juvenile proceedings are civil in nature, they are often characterized as quasi-criminal with procedural protections and due-process requirements similar to those in adult criminal prosecutions. See Matter of E.Q., 839 S.W.2d 144, 146 (Tex.App.-Austin 1992, no writ). The dual nature of juvenile proceedings often leaves appellate courts at a loss as to how to review them. See In Interest of D.Z., 869 S.W.2d 561, 565 (Tex. App.-Corpus Christi 1993, no writ).
Several courts, including this one, have resolved this dilemma in favor of applying the criminal standards of review to evidentiary sufficiency challenges in the adjudication phase of juvenile proceedings. See, e.g., Matter of A.C., 949 S.W.2d 388, 390 n. 1 (Tex.App.-San Antonio 1997, no writ); Matter of A.S., 954 S.W.2d 855, 858 (Tex.App.-El Paso 1997, no writ); R.X.F. v. State, 921 S.W.2d 888, 889 (Tex.App.-Waco 1996, no writ); but see In re M.R., 858 S.W.2d 365, 366 (Tex.1993) (noting that reliance on adult criminal precedent and *785 rules may conflict with the Texas Family Code). This court has based its decision to apply the criminal sufficiency standard to adjudication proceedings on the fact that the Family Code requires the State to prove the facts necessary to support an adjudication of delinquency beyond a reasonable doubt. See TEX. Fam.Code Ann. § 54.03(f) (Vernon 1996). When the State carries the criminal burden of proof in presenting the evidence, it is logical to apply a criminal standard in reviewing the sufficiency of that evidence. See P.L.W. v. State, 851 S.W.2d 383, 387 (Tex.App.-San Antonio 1993, no writ).
However, it is questionable whether this reasoning applies to cases in which the sufficiency of the evidence in the disposition phase of a juvenile proceeding is at issue. The Austin Court has held that it does, choosing "to apply the criminal standard because the State bears the same burden of proof in a juvenile case as it does in a criminal case." Matter of M.S., 940 S.W.2d 789, 792 n. 2 (Tex.App.-Austin 1997, no writ). On the other hand, the El Paso Court disagreed with the Austin Court's decision, noting that "the juvenile court's findings supporting the disposition order are not required to be supported by proof beyond a reasonable doubt." Matter of A.S., 954 S.W.2d 855, 861 n. 3 (Tex. App.-El Paso 1997, no writ); see also Matter of K.L.C., 972 S.W.2d 203, 206 (Tex.App.-Beaumont 1998, no writ) (applying a civil standard to a factual sufficiency review of section 54.04 findings).
We agree with the El Paso Court on this issue. The Family Code places no burden of proof on the State at the disposition phase of a juvenile proceeding. Accordingly, the logic enabling the application of a criminal standard during the review of the adjudication phase does not apply in the review of the disposition phase. The use of a civil standard to review the juvenile court's findings during disposition supports the discretion the juvenile court has been given to make those findings. Furthermore, the use of a civil standard is consistent with the procedural requirements of the Family Code. See TEX. Fam. Code Ann. § 51.17 (Vernon 1996) (stating that juvenile proceedings are governed by the Texas Rules of Civil Procedure in the absence of a contrary Family Code provision); TEX. Fam.Code Ann. § 56.01(b) (Vernon 1996) (stating that the requirements governing an appeal are as in civil cases generally). We note, also, that this court has applied a civil standard of review to a legal sufficiency challenge of a disposition order, albeit without comment. See Matter of S.A.M., 933 S.W.2d 744, 745 (Tex. App.-San Antonio 1996, no writ); see also In re H.G., 993 S.W.2d 211 (Tex.App.-San Antonio 1999, no pet.) (applying civil standard to sufficiency challenge of juvenile court's modification of disposition). We reaffirm, today, the use of a civil standard in reviewing a sufficiency of the evidence challenge to a disposition order in a juvenile proceeding.[1]
Accordingly, in reviewing T.K.E.'s legal sufficiency challenge to the evidence supporting his disposition, we consider only the evidence and inferences tending to support the findings under attack and set aside the judgment only if there is no evidence of probative force to support the findings. See A.S., 954 S.W.2d at 858; S.A.M., 933 S.W.2d at 745. In reviewing T.K.E.'s factual sufficiency claim, we consider and weigh all the evidence and set aside the judgment only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. See A.S., 954 S.W.2d at 862; K.L.C., 972 S.W.2d at 206.
The record in this case does not contain much evidence from either T.K.E. or the State. The scant evidence that is *786 before us, however, supports the juvenile court's section 54.04(i) findings. The evidence clearly demonstrates that the incident that formed the basis of A.E.'s complaint was not the first of its kind, thus demonstrating T.K.E.'s need for treatment as a sexual offender. Even T.K.E.'s witnesses acknowledged his need for treatment. The record also reflects that, while there are other treatment centers available, the Texas Youth Commission's intensive sexual offender's program is the most highly rated and, therefore, the best able to produce positive results. Given the serious and repeated nature of T.K.E.'s conduct, the best treatment possible is in order.
Further, treatment at the other centers mentioned by the juvenile probation officer would still require T.K.E. to be placed outside of his home as both of the other centers are outside of San Antonio. When asked how she could give T.K.E. support if he were placed on probation, T.K.E.'s mother mentioned a place to live and made a vague reference to counseling. Again, the record reflects that the type of counseling T.K.E. needs is not available as part of the juvenile probation department in San Antonio. Accordingly, if treatment is in T.K.E.'s best interest, and the record certainly supports the fact that it is, there is no alternative but to remove T.K.E. from his home so that he may receive the best treatment possible.
In light of this evidence, we conclude that the juvenile court did not abuse its discretion in entering its order committing T.K.E. to the Texas Youth Commission. T.K.E.'s challenge to the sufficiency of the evidence supporting the disposition order is therefore overruled and the juvenile court's order is affirmed.
Concurring opinion by: TOM RICKHOFF, Justice.
TOM RICKHOFF, Justice, concurring.
Frankly, I never have understood the Family Code. The legislature has ordered us to sanctify this troubled marriage of civil and criminal law, then imposed an adoption of all the special considerations of Title III, and left us to make the family function well. As a trial judge in the juvenile court for a decade I did know that any successful sufficiency challenge would be exceedingly rare irrespective of what standard of review is applied. Appellate justices are hesitant to overturn the decision of a juvenile judge because they do not understand Title III of the Family Code any better than I did. No one does.
Added to that hesitancy is often, as here, a thin record. But essentially our hesitancy exists because these decisions are often very subjective. Here, Judge Mireles had one decision to make: what treatment would be best for this child. He evaluated the child's needs (previous efforts, his home), the available resources (TYC or local counseling), and expert recommendations (the juvenile probation officer). In these specialized courts, the trial judges develop a great deal of perceptive power not revealed in the record. They enjoy a long history of evaluating the probation officer's competence and the effectiveness and suitability of different rehabilitation programs. Most appellate justices are limited to vicarious experiences in this field.
Finally, we test for abuse of discretion, that is, whether the trial court's decision was arbitrary or unreasonable. Today's decision imposing the civil sufficiency of the evidence standard on these hidden realities has the effect of insulating, to a great extent, disposition decisions from our review. In this respect, the result is similar to the result that would be reached by applying the substantial evidence standard. Considering the expertise of juvenile judges, this is appropriate. The legislature could bring some clarity to this issue by expressly providing for a substantial evidence standard of review for disposition decisions.
NOTES
[1] We express no opinion as to the appropriate standard to be used in determinative sentence cases in which a jury has decided disposition. See TEX. Fam.Code Ann. § 54.04(a) (Vernon 1996) (noting right of juvenile to have disposition determined by a jury if he is in jeopardy of a determinative sentence).