No. 04-01-00594-CV



IN THE MATTER OF K.R.



From the 289th Judicial District Court, Bexar County, Texas


Trial Court No. 2001JUV00820


Honorable Carmen Kelsey, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: June 12, 2002


AFFIRMED

 K.R. appeals the trial court's order committing her to the Texas Youth Commission ("TYC").
In her sole point of error, K.R. contends that the trial court erred in overruling her motion for new
trial because the evidence is factually insufficient to justify the commitment to TYC. We overrule
K.R.'s contention and affirm the trial court's order.

Standard of Review


 The trial court has broad discretion to fashion an appropriate disposition when a child has
been adjudicated to be a delinquent. In re T.K.E., 5 S.W.3d 782, 784 (Tex. App.--San Antonio
1999, no pet.). The trial court abuses its discretion if it acts arbitrarily or unreasonably, without
reference to any guiding rules and principles. Id. Factual sufficiency of the evidence is a relevant
factor in determining whether the trial court abused its discretion. In re J.S., 993 S.W.2d 370, 372
(Tex. App.--San Antonio 1999, no. pet.). When reviewing a factual sufficiency challenge in a
juvenile case, we consider the totality of the evidence to determine whether the evidence supporting
the finding is so weak or the evidence contrary to the finding is so overwhelming that it is clearly
wrong and unjust. In re H.G., 993 S.W.2d 211, 213 (Tex. App.--San Antonio 1999, no pet.).

Discussion


 In order to commit a juvenile to TYC, the trial court must find and state in its order that (1)
it is in the child's best interest to be placed outside the child's home; (2) reasonable efforts were made
to prevent or eliminate the need for the child's removal from the home; and (3) the child's home
cannot provide the quality of care and level of support and supervision the child needs. Tex. Fam.
Code Ann. § 54.04(i) (Vernon Supp. 2002). K.R. concedes that the trial court verbally made the
requisite findings at the hearing on June 11, 2002, and stated them in the commitment order;
however, K.R. contends that the evidence is factually insufficient to support the findings.

 In her brief, K.R. relies heavily on the testimony of three witnesses: K.R., her mother, and
her current probation officer. K.R. was diagnosed as being bi-polar, and each of these witnesses
testified regarding the dramatic improvement in K.R.'s behavior since she began receiving a different
treatment for her mental condition. K.R. asserts in her brief, "Despite her admittedly bad history, it
is obvious that a new child was born early in 2001. The court apparently looked to Appellant's
history in making its determination. In so doing, the court ignored [the] fact that Appellant had high
quality care and support at home, and could now meet her probation conditions."

 In recommending commitment to TYC, the State informed the trial court that this was K.R.'s
fourth request for probation in juvenile matters and that a fourth probation would send a negative
message that there are no consequences for chronic misbehavior. The matter before the court for
disposition involved K.R.'s assault on a corrections officer employed at the Bexar County Juvenile
Corrections Treatment Center (otherwise known as "Southton"). In pronouncing its disposition, the
trial court relied on a psychological evaluation of K.R. prepared on April 26, 2001, a few months
before the hearing. That report detailed K.R.'s "extensive history of involvement with the Juvenile
Justice System," which began in December of 1998 and included referrals for numerous violations
in 1999, 2000, and 2001. The report stated that K.R. "displayed a tendency to minimize the
seriousness of her misbehaviors" and that K.R. "expressed no remorse for her juvenile offenses and
frequently bragged about her involvement with the Juvenile Justice System." The report noted that
K.R. made numerous attempts to circumvent Southton's policies and procedures, "often manipulating
her mother into assisting her." The report also indicated that K.R. had a history of severe relational
problems with her brother and sister, "both of whom she has threatened with weapons on one or more
occasions." The report stated that K.R. did not accept much personal responsibility for her behavior
but that she knows right from wrong in a general sense and fully understands the consequences of
delinquent behavior. K.R. denied that her conduct with regard to the assault on the corrections
officer was intentional. K.R. admitted to relatively frequent use of marijuana and experimentation
with alcohol. K.R. admitted to having a homicidal ideation, indicating that she had made plans to kill
a teacher because he told her probation officer "some bad things" and further claimed that she would
have followed through with her plans if she had not subsequently been "locked up." The report
recommended that K.R. be placed "in a secure, stable, and structured environment away from
negative peer influences and opportunities for substance abuse where she would receive additional
supervision over [her] behavior." The report concluded that K.R. needed to be placed "at a facility
that is well equipped to deal with highly disruptive and manipulative individuals with severe anger
control problems and physically aggressive behavioral outbursts."

 At the motion for new trial, a letter from another psychiatrist who had treated K.R., dated
March 9, 2001, was admitted into evidence. In that letter, the psychiatrist reported that K.R. was
becoming more stable and that a return to a TYC facility would likely result in the worsening of
K.R.'s condition. Another letter from the program director at the facility that treated K.R., dated
March 9, 2001, also was admitted into evidence at the hearing on the motion for new trial. In that
letter, the program director reported that K.R. had exhibited improved mood stability. The program
director concluded that K.R. would be able to further benefit from appropriate psychiatric
management of her disorder along with the right educational resources.

 Having reviewed all of the evidence presented, we conclude that the evidence is factually
sufficient to support the trial court's findings. K.R. was requesting a fourth probation after an
extensive juvenile history. K.R. violated her previous probation and her behavior made the prior
placement at Southton unsuccessful. The most recent psychological report indicated that K.R. was
able to manipulate her mother to assist her in violating Southton's polices and the report contained
information indicating a need to protect the public from K.R. Therefore, the trial court did not abuse
its discretion in committing K.R. to TYC.



Conclusion


 The trial court's order is affirmed.



 Catherine Stone, Justice


PUBLISH