COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

 )
 No. 08-03-00179-CV

IN THE MATTER OF J.D.T.C.,
)


 )
 Appeal from

A Juvenile.
)
 

)
 65th District Court

)


)
 of El Paso County, Texas

)


)
 (TC# 300245)


MEMORANDUM OPINION



 J.D.T.C., a juvenile, appeals from a disposition order committing him to the Texas Youth
Commission following adjudication that he engaged in delinquent conduct by possessing more than
five pounds but under fifty pounds of marijuana. We affirm.

FACTUAL SUMMARY


 On January 31, 2003, fifteen-year-old J.D.T.C., a Mexican citizen and resident of Ciudad
Juarez, Chihuahua, Mexico, attempted to enter the United States by crossing the American canal in
the vicinity of 5616 Flower Street. An agent observed Appellant and another juvenile around 8:24
that evening through a closed circuit television and noticed that they were carrying heavy backpacks. 
Another agent was dispatched to locate the pair. After they were apprehended, their backpacks were
confiscated and a green leafy substance was found inside that tested positive as marijuana. The
combined total weight of the marijuana was 65.05 pounds.

 The State filed a petition alleging that Appellant engaged in delinquent conduct by
committing the felony possession of less than two thousand pounds but more than fifty pounds of
marijuana. The State later amended its petition alleging instead that Appellant engaged in delinquent
conduct by committing the felony possession of fifty pounds or less but more than five pounds of
marijuana. At the adjudication hearing, Appellant stipulated to the evidence, and the juvenile court
found that he had engaged in delinquent conduct as alleged in the petition. A juvenile probation
officer, Araceli Bowden, prepared a pre-disposition report and recommended that Appellant be
committed to the care, custody, and control of the Texas Youth Commission (TYC). This report was
admitted into evidence without objection and Bowden testified on behalf of the State. 

 Appellant resides in Ciudad Juarez with his grandmother, his father, and his aunt and uncle
and their two children. He also has three brothers and sisters who occasionally stay at the house
when not staying with their maternal grandmother. Bowden recommended that Appellant be placed
in TYC because he is in need of rehabilitation and is a danger to himself and the community. She
did not recommend that Appellant be placed in the Mexican National Children's Program (MNCP),
a type of supervised probation for Mexican juvenile offenders, because his offense was a felony. 
While exceptions can be made for felony offenders under the MNCP, the MNCP requires the
existence of some supervision and control over the child. Appellant's grandmother indicated that
he followed rules at home and only left home without permission on occasion when she believed he
was working odd jobs. She did not know that Appellant already had three alerts for illegal entry into
the United States as reported by the Department of Immigration and Naturalization. Nor was she
aware that Appellant was affiliated with gang members. Appellant admitted that he skipped school
and that he had used cocaine, marijuana, and alcohol in the past.

 Based upon the evidence, the juvenile referee found that Appellant was in need of
rehabilitation and that the protection of the public and the juvenile so required. He concluded that
it was in Appellant's best interest to be placed outside his home because his grandmother and father
had no supervision, control, or discipline over him or that he did not lend himself to supervision,
control, or discipline. Finally, the referee concluded that no effort could be made to prevent or
eliminate removal because the juvenile was an illegal alien and there were no programs or
alternatives to prevent removal. Appellant was committed to TYC.

SUFFICIENCY OF THE EVIDENCE


 Appellant alleges that the evidence is legally and factually insufficient to support his
commitment to TYC. The juvenile court's findings of fact are reviewable for legal and factual
sufficiency of the evidence to support them by the same standards as are applied in reviewing the
legal or factual sufficiency of the evidence supporting a jury's answers to a charge. In the Matter
of A.S., 954 S.W.2d 855, 861 (Tex.App.--El Paso 1997, no pet.); In the Matter of J.P.O., 904 S.W.2d
695, 699-700 (Tex.App.--Corpus Christi 1995, writ denied). We do not disturb the juvenile court's
disposition order in the absence of an abuse of discretion. A.S., 954 S.W.2d at 861; In the Matter
of E.F., 535 S.W.2d 213, 215 (Tex.Civ.App.--Corpus Christi 1976, no writ). The juvenile court's
exercise of discretion in making an appropriate disposition is guided by the requirements of Section
54.04 of the Family Code. A.S., 954 S.W.2d at 861. Section 54.04(c) provides that the trial court
may not make place a juvenile outside of his home unless it finds that the child, in the child's home,
cannot be provided the quality of care and level of support and supervision that the child needs to
meet the conditions of probation. Tex.Fam.Code Ann. § 54.04(c)(Vernon Supp. 2004). Further,
in order to commit a child to TYC, the court must additionally find that placement outside of the
child's home is in the child's best interest and that reasonable efforts were made to prevent or
eliminate the need for the child's removal from the home. Tex.Fam.Code Ann. § 54.04(i). The
juvenile court included the required statutory language in its order of disposition. 

Standards of Review


 In Point of Error One, Appellant challenges the legal sufficiency of the evidence to support
the referee's findings. Appellant contends that this court should use the criminal standard of review
viewing the evidence in the light most favorable to the finding and determining whether any rational
trier of fact could have found the elements of the requirements proven beyond a reasonable doubt. 
However, we have traditionally applied the civil no evidence standard of review to legal sufficiency
challenges of juvenile disposition orders. See A.S., 954 S.W.2d at 858. In reviewing the legal
sufficiency, we consider only the evidence and inferences tending to support the findings under
attack and set aside the judgment only if there is no evidence of probative force to support the
findings. A.S., 954 S.W.2d at 858; In the Matter of T.K.E., 5 S.W.3d 782, 785 (Tex.App.--San
Antonio 1999, no pet.).

 In Point of Error Two, Appellant challenges the factual sufficiency of the evidence to support
the referee's findings. In reviewing this factual sufficiency challenge, we view all of the evidence
but do not view it in the light most favorable to the challenged findings. See A.S., 954 S.W.2d at
860; R.X.F. v. State, 921 S.W.2d 888, 900 (Tex.App.--Waco 1996, no writ); see also Clewis v. State,
922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Only if the finding is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust will we conclude that the evidence is
factually insufficient. See A.S., 954 S.W.2d at 860; R.X.F., 921 S.W.2d at 900, citing Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986) and Clewis, 922 S.W.2d at 129.

Evidence Offered at the Disposition Hearing


 We have already noted that Appellant resided in Ciudad Juarez with his grandmother, his
father, and his aunt and uncle and their two children. His father was often away from home due to
work and he had been arrested for public intoxication. Appellant began school at age nine and
completed grades one through six, but the probation officer had no records of Appellant's secondary
school attendance. His grandmother did not report any behavioral problems at home and indicated
that Appellant followed her rules. She was unaware that Appellant already had three alerts for illegal
entry into the United States or that he was affiliated with gang members. Appellant had an IQ that
evidenced mild retardation and diminished his ability to profit from talk therapy or counseling. 
Appellant also had a girlfriend who was pregnant.

 Bowden recommended TYC for Appellant because he would receive an education, 
vocational training, counseling, and drug and alcohol awareness training. She believed he would
best respond to a structured environment with clear behavioral controls in the educational setting
offered by TYC. She also expressed her concern that Appellant's safety was at stake if he returned
to Mexico due to the people with whom he associated. When asked whether boot camp would be
a viable alternative to TYC, Bowden replied that it was not an option for a juvenile who was a
Mexican national. On cross-examination, Bowden was asked whether she remembered that
Appellant was involved in boxing, soccer, or a church youth group. She did not remember receiving
such information. Evidence was offered that Appellant had started attending secondary school, that
he got good grades, that he did not have a criminal record in Mexico, and had no behavioral
problems at school.

 Dr. Guido Barrientos testified for Appellant. He conducted a psychological evaluation which
indicated that Appellant had an IQ of 65 and would have trouble in his education. He was shown
a copy of Appellant's grades at Delta Academy, where he had scored from 70 to 88 in his classes. 
When asked whether these grades were consistent with his finding of mental retardation, the doctor
replied that good grades are not measures of intelligence but are the result of group standards. His
recommendation that Appellant be placed in a more structured environment was based not only on
Appellant's IQ but also on the home environment, the number of children in the family, the
juvenile's place of residence, his past history of school failure, his not attending school and roaming
the streets, and his level of reasoning and acclimation to peer influence. While the juvenile told Dr.
Barrientos that he had been attending school, had won awards for his good grades and computer
skills, and was a star soccer player, the doctor found evidence of truancy and the juvenile
acknowledged he usually skipped school to hang out with friends. Doctor Barrientos concluded that
since Appellant was out on the streets, easily influenced by his peers, and not supervised by his
grandmother, he would likely reoffend. Dr. Barrientos opined that boot camp would be beneficial
for Appellant, but when he was told that boot camp was not an option due to the juvenile's
citizenship, he was not familiar with other options.

 Appellant testified that he committed the offense because he needed money. His girlfriend
was due to have the baby soon and he needed to pay to attend secondary school. He had worked in
the past at Edificaciones Gura, a roofing company, and El Chino, a sandwich shop, and also had sold
cassettes. He last worked with his father in the construction business about a month before trial. He
was attending school until he was detained and explained that there was no evidence of his grades
because the school gave students a test then offered them a job to integrate them into the work
industry. He entered the United States illegally on three previous occasions because he wanted to
live with his sister and attend school in El Paso. 

Application of Standards to the Evidence


 Appellant argues that he should not have been committed to TYC because there were other
alternative placement programs available in the community that would have been better suited to his
individual needs. He offered no other alternatives in his testimony nor in his brief on appeal. The
record contains evidence that the trial court did consider alternatives. Bowden testified that
Appellant's alternatives were limited because he was a Mexican national. He was not a candidate
for the MNCP because he had committed a felony offense. While there are exceptions allowing
those with felony offenses to enter the Mexican probation program, Appellant must have proper
supervision at home in order to qualify. See In the Matter of M.A.C., 999 S.W.2d 442 (Tex.App.--El
Paso 1999, no pet.). As we have detailed, the record supports the court's findings that Appellant was
not properly supervised at home. Finding the evidence both legally and factually sufficient, we
conclude that the court did not abuse its discretion in committing Appellant to TYC. We overrule
Points of Error One and Two and affirm the judgment of the juvenile court.



April 1, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.