### IN the INTEREST OF V.A.G., a Juvenile

### No. 08-15-00169-CV

Court of Appeals of Texas, El Paso.

June 21, 2017

proper inquiry is whether the party's income is exceeded by her expenses.

ATTORNEY FOR THE STATE: Hon. Jo Anne Bernal, County Attorney, 500 E. San Antonio, Room 503, El Paso, TX 79901.

ATTORNEY FOR APPELLANT: Hon. Jaime E. Gandara, Chief Public Defender, 500 E. San Antonio, Suite 501, El Paso, TX 79901.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

YVONNE T. RODRIGUEZ, Justice

V.A.G., a juvenile, appeals from a judgment adjudicating her delinquent based on the jury's determination that she committed the offense of assault on a public servant and committing her to the Texas Juvenile Justice Department (TJJD). *See* Tex. Fam.Code Ann. § 54.03 (West 2014);

TEX.PENAL CODE ANN. § 22.01(a), (b)(1) (West Supp. 2016). We affirm.

## FACTUAL SUMMARY

On November 3, 2014, Appellant was in juvenile court on an unrelated matter and Michelle Ramirez, a juvenile probation officer, recommended that Appellant be detained. Appellant became extremely upset when the judge did not allow her to hug her mother before leaving the courtroom, and the bailiff and another person had to escort Appellant from the courtroom. Appellant was placed in a holding cell and Ramirez noticed that Appellant was hitting her head against a window. Upon being informed about Appellant's conduct in the holding cell, the juvenile court instructed Ramirez to ask Kim Shumate to come to the holding cell and assess Appellant. After getting her paperwork signed, Ramirez went back to the area where the holding cell was located and saw Appellant in the hallway. Appellant appeared to be calm, but upon seeing Ramirez, Appellant charged at her while saying, "F———g bitch, I'm going to kick your ass." Appellant grabbed Ramirez by the hair causing her to drop the files she was carrying. Another juvenile probation officer, Christopher Short, grabbed Appellant by the arms from behind and commanded her to let go of Ramirez. After being released by Appellant, Ramirez kneeled to pick up the files she had dropped, and Appellant suddenly kicked her in the stomach. Ramirez experienced pain when Appellant pulled her hair and kicked her in the stomach.

The jury found that Appellant engaged in delinquent conduct by committing assault on a public servant as alleged in Count 3 of the second amended petition. Following the disposition hearing, the juvenile court found that Appellant is in need of rehabilitation, the protection of both the public and the juvenile requires that disposition be made, it is in Appellant's best interest to be placed outside the home, reasonable efforts were made to prevent or eliminate the need for her removal from the home and to make it possible for Appellant to return to her home, and Appellant, in her home, cannot be provided the necessary quality of care and level of support. Based on these findings, the court committed Appellant to TJJD.

## EXCLUSION OF EVIDENCE

In her first issue, Appellant argues that the trial court abused its discretion by excluding evidence of Appellant's "mental impairments" during the adjudication hearing because it was relevant to her state of mind. In order to present an issue on appeal, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. TEX. R.APP.P. 33.1(a)(1). When the issue is related to the exclusion of evidence, the party must inform the court of the substance of the evidence by an offer of proof unless the substance was apparent from the context. TEX.R.EVID. 103(a)(2).

The State filed a written motion in limine seeking to restrict the mention of the following matters in the jury's presence until the trial court had determined the evidence is admissible:

> The defense intention, if there be one, to mention or in any way allude that the Juvenile, has ever been psychologically or psychiatrically evaluated; the State would show this Honorable Court that the aforesaid comments would, during the adjudication stage of trial, be:
>
> (a)  an improper attempt to invoke the sympathy of the jury;

(b) an improper attempt to mislead the jury into believing that solely because Juvenile, was either psychologically or psychiatrically evaluated necessarily means that said Juvenile lacked the requisite *mens rea* to commit the offense made the basis of the above-styled and numbered cause.

The trial court conducted a hearing on the motion in limine prior to the beginning of evidence. Appellant's counsel broadly argued that he should be allowed to cross-examine the State's witnesses about Appellant's mental health diagnoses which were the basis for her being placed on special needs juvenile probation, but he failed to explain the relevance of the evidence even when the trial court questioned its relevance. Following jury selection, the trial court granted the State's motion in limine on this issue. During trial, Appellant did not offer or attempt to offer any evidence related to this issue, and she did not argue that the evidence was relevant to her culpable mental state or state of mind.

■ It is well established that the trial court's granting of a motion in limine does not actually exclude evidence or preserve error regarding the exclusion of evidence. *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 760 (Tex. 2013); *Geuder v. State*, 115 S.W.3d 11, 14-15 (Tex.Crim.App. 2003). A motion in limine simply prevents a party from mentioning particular evidence in the presence of the jury before the trial court has made a determination of admissibility. *See Geuder*, 115 S.W.3d at 14; *Thierry v. State*, 288 S.W.3d 80, 86 (Tex.App.—Houston [1st Dist.] 2009, pet. ref'd). To preserve error in the exclusion of evidence, a party must attempt to introduce the evidence and obtain a ruling excluding it. *See Fuller v. State*, 827 S.W.2d 919, 929 (Tex.Crim.App. 1992). Because Appellant did not attempt to introduce the evidence during trial, we

conclude that she failed to preserve the alleged error. Issue One is overruled.

## SUFFICIENCY OF THE EVIDENCE

■ In Issue Two, Appellant challenges the legal and factual sufficiency of the evidence supporting the trial court's decision to commit her to the Texas Juvenile Justice Department. More specifically, she argues that there is no evidence of reasonable efforts to keep her in her home and eliminate the need for her removal.

### Standard of Review and Applicable Law

■ A juvenile court possesses broad discretion to determine a suitable disposition for a child who has been adjudicated as having engaged in delinquent behavior. *See* TEX.FAM.CODE ANN. § 54.04 (West Supp. 2016); *In re E.K.G.*, 487 S.W.3d 670, 673 (Tex.App.—San Antonio 2016, no pet.); *In re A.S.*, 954 S.W.2d 855, 861 (Tex. App.—El Paso 1997, no pet.). If the juvenile court commits a child to the Texas Juvenile Justice Department, the court must include in its order its determination that: (A) it is in the child's best interests to be placed outside the child's home; (B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and (C) the child, in the child's home, cannot be provided the quality of care and level and support and supervision that the child needs to meet the conditions of probation. TEX.FAM.CODE ANN. § 54.04(i)(1). We review the evidence supporting these findings under the civil sufficiency standards. *See In re A.S.*, 954 S.W.2d at 861.

■ In reviewing the legal sufficiency of the evidence, we consider only the evidence and inferences tending to support the findings under attack and set aside the judgment only if there is no evidence of probative force to support the findings. *In*

re *J.D.P.*, 85 S.W.3d 420, 426 (Tex.App.—Fort Worth 2002, no pet.); *In re T.K.E.*, 5 S.W.3d 782, 784 (Tex.App.—San Antonio 1999, no pet.). In reviewing the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside the judgment only if the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re T.K.E.*, 5 S.W.3d at 785; *In re A.S.*, 954 S.W.2d at 862.

### Efforts Made to Prevent Removal from the Home

Appellant's sufficiency challenges are directed solely at the trial court's determination that reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home. *See* Tex.Fam.Code Ann. § 54.04(i)(1)(B). Evidence admitted at the disposition hearing established that Appellant was referred on April 29, 2014 for assaulting her mother. She was subsequently referred for three other assaults including the assault of the juvenile probation officer in this case. Appellant had been using alcohol and marihuana since she was fifteen years of age and she smoked marihuana daily. She also had a history of sneaking out of her home, and she continued this behavior while on probation. A probation officer conducted a home visit on January 26, 2015 and found Appellant in her bedroom with a male juvenile. Appellant's mother had no idea that the male juvenile was in her daughter's bedroom. Appellant's juvenile probation officer, Denise Anderson, testified at the disposition hearing and recommended commitment to TJJD. Anderson explained that she had attempted to place Appellant at facilities other than TJJD, but none of them would accept her because of her medical needs.[1] Emily McKenna, L.P.A., conducted a psychological evaluation of Appellant prior to the disposition hearing, and she reported that Appellant has a Mood Disorder NOS (Not Otherwise Specified) and experiences considerable difficulty with anger and mood dysregulation. McKenna recommended that Appellant receive treatment in a residential treatment facility because intensive in-home counseling services had not been effective and the home environment was not suitable for successful therapeutic intervention. Similarly, Appellant's probation officer reported that even though Appellant has been provided with community-based counsel and supervision, she had continued to disregard the conditions of probation.

There is evidence that reasonable efforts have been made to avoid removing Appellant from her home because she has been provided with intensive in-home counseling services and community-based supervision. Unfortunately, Appellant has made no minimal progress and her probation officer reported that Appellant has continued to disregard the conditions of probation. The evidence also showed that Appellant's home does not provide the level of support needed to successfully complete the conditions of probation.

When viewed in the light most favorable to the challenged finding, the evidence is sufficient to show that the department made reasonable efforts to prevent or eliminate the need to remove Appellant from her home. We reach the same conclusion after viewing the evidence in a neutral light as required by the factual sufficiency standard. Having found the evidence both legally and factually sufficient to support the challenged finding, we overrule Issue

---

1. Appellant has cystic fibrosis.

Two. The judgment of the trial court is affirmed.

Hughes, J., Not Participating