**790**

**In re T.W.K., Appellant.**

**Nos. 04–98–01071–CV, 04–98–01072–CV.**

Court of Appeals of Texas, San Antonio.

June 2, 1999.

Jacob Bruce Henry, San Antonio, TX, for appellant.

Scott Roberts, Assistant Criminal District Attorney, San Antonio, TX, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

**OPINION**

HARDBERGER, Chief Justice.

T.W.K. appeals the trial court's modification of his disposition order, committing him to the Texas Youth Commission. In a sole point of error, he argues that the trial court applied an incorrect standard of proof to its finding that he violated a con-

dition of his community supervision. We affirm.

## I.

T.W.K. was adjudicated to have engaged in delinquent conduct and placed on community supervision. The State moved to modify the disposition, alleging that T.W.K. had violated a condition of his community supervision.[1] Upon hearing on the State's motion, the trial court found the allegation to be true. T.W.K.'s disposition was modified to commit him to the Texas Youth Commission.

## II.

T.W.K. asserts that the trial court incorrectly applied the "preponderance of the evidence" standard of proof to its finding that the allegation was true, where the appropriate standard was proof beyond a reasonable doubt.

Effective January 1, 1996, a disposition based on a finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Commission if the court, after a hearing to modify disposition, finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. TEX.FAM.CODE ANN. § 54.05(f) (Vernon 1996). Prior to the 1995 amendments, section 54.05(f) provided that a juvenile's disposition could be modified to commit the child to the Texas Youth Commission if the court found beyond a reasonable doubt that the child violated a reasonable and lawful order of the court. Act of May 25, 1973, 63d Leg., R.S., ch. 544, 1973 Tex.

Gen.Laws 1460, 1479 (amended 1995) (current version at TEX.FAM.CODE ANN. § 54.05(f) (Vernon 1996).

T.W.K. argues that the reasonable doubt standard applies to him since the conduct giving rise to his original adjudication occurred in 1995.[2] We reject this argument. The plain language of section 54.05(f) says that the relevant inquiry of the court on a motion to modify a juvenile's disposition is whether the child violated a reasonable and lawful order of the court. The child's violation of the court's adjudication order is the inquiry to which the standard of proof is attached under section 54.05(f). Thus, the date of the offense giving rise to the adjudication which the State is seeking to modify is irrelevant to the trial court's determination on a motion to modify a disposition.

In its oral pronouncements, the trial court stated that it found the allegation to be true by a preponderance of the evidence. The trial court's modified adjudication order, however, avers that the trial court found the allegation to be true beyond a reasonable doubt. The trial court was only required to find a violation of a reasonable and lawful order of the court by a preponderance of the evidence. However, even if we are incorrect in finding that the applicable standard of proof is "preponderance of the evidence," there is sufficient evidence in the record to support the trial court's finding that the allegation was true under the "beyond a reasonable doubt" standard as well. T.W.K.'s point of error is overruled.

---

1. The State alleged that he violated the first condition of his community supervision—that he not commit an offense against the laws of the State of Texas—when he engaged in deadly conduct under Texas Penal Code section 22.05 by brandishing a gun and pointing it at his sister's head.

2. In support of this position, T.W.K. relies on Robert Dawson's treatise, *Texas Juvenile Law.* See ROBERT O. DAWSON, TEXAS JUVENILE LAW 209

(1996). The conduct giving rise to T.W.K.'s original adjudication occurred in September 1995. The State filed its petition for adjudication in October 1995, and the trial court issued its order of adjudication placing T.W.K. on community supervision in February 1996. The State moved to modify T.W.K.'s disposition in December 1998.