216 S.W.3d 424 (2006)
In the Matter of E.C.
No. 04-05-00085-CV.
Court of Appeals of Texas, San Antonio.
September 27, 2006.
*425 Michael D. Robbins, Asst. Public Defender, San Antonio, for appellant.
Daniel Thornberry, Asst. Crim. Dist. Atty., San Antonio, for appellee.
Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

OPINION
Opinion by SARAH B. DUNCAN, Justice.
The issue presented by this appeal is whether the trial court's order modifying its previous disposition to commit E.C. to the Texas Youth Commission is governed by the 2001 version of section 54.05 of the Texas Family Code or the 2003 version. We agree with the El Paso Court of Appeals' reasoning in In re U.G.V., 199 S.W.3d 1 (Tex.App.-El Paso 2005, no pet.), that the applicability of the 2003 version of the statute turns on whether the conduct giving rise to the modification occurred on or after September 1, 2003, the effective date of the 2003 version of the statute. Accordingly, because the conduct giving rise to the modification in this case occurred in 2004, we hold the 2003 version of the statute applies and affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND
E.C. was first adjudicated a delinquent for the misdemeanor offense of assault-bodily injury on August 9, 2001. E.C. was again adjudicated a delinquent on September 19, 2003, this time for the misdemeanor offense of resisting arrest, which occurred on August 9, 2003. Although this 2003 adjudication initially resulted in E.C. being placed on probation, his violations of the terms of his probation in 2004 resulted in the trial court modifying its disposition and committing E.C. to the TYC until his twenty-first birthday. It is undisputed that E.C. did not object to the trial court's modification order on the ground that the governing law authorized commitment to TYC only if he had not one but two previous misdemeanor adjudications.
E.C.'s court-appointed counsel filed a timely motion for a new trial and a timely notice of appeal. On appeal, however, *426 E.C.'s attorney filed a motion to withdraw and an Anders[1] brief concluding that E.C.'s appeal is without merit and frivolous. Because our independent review of the record revealed an arguable issue regarding whether E.C. met the statutory criteria for commitment to TYC under the governing law, we ordered the trial court to appoint new appellate counsel for E.C. to brief this issue and whether it could be raised for the first time on appeal. That brief, as well as the State's response, have now been filed.

STANDARD OF REVIEW
We review a modification order under an abuse of discretion standard. See In re J.P., 136 S.W.3d 629, 633 (Tex. 2004). A trial court abuses its discretion when it "clearly fails to analyze or apply the law correctly." City of Dallas v. Vanesko, 189 S.W.3d 769, 771 (Tex.2006). "Statutory construction is a matter of law, which we review de novo." Dallas County Cmty. College Dist. v. Bolton, 185 S.W.3d 868, 872 (Tex.2005).

APPLICABLE LAW
Before September 1, 2003, section 54.05(f) and (k) of the Texas Family Code provided as follows:
(f) Except as provided by Subsection (j), a disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony or, if the requirements of Subsection (k) are met, of the grade of misdemeanor, may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. . . .
. . . .
(k) The court may modify a disposition under Subsection (f) that is based on a finding that the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor if:
(1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least two previous occasions; and
(2) of the previous adjudications, the conduct that was the basis for one of the adjudications occurred after the date of another previous adjudication.[2]
Construing this version of the statute, which we will refer to as section 54.05 (2001), this Court held that "[t]he clear and unambiguous language of the statute permits commitment only when the juvenile has been adjudicated for felony or misdemeanor conduct on two previous occasions. The two previous adjudications must be separate and in addition to the adjudication on which the modification is based." In re S.B., 94 S.W.3d 717, 719 (Tex.App.-San Antonio 2002, no pet.) (emphasis added). Significant to our analysis in this case, however, this interpretation was contrary to that embraced by a principal drafter of much of the juvenile legislation in Texas over the last thirty years, the *427 late University of Texas Professor Robert O. Dawson, and the Texas Juvenile Probation Commission.[3] We describe the disagreement as "significant" because, effective September 1, 2003, section 54.05 was amended to adopt Professor Dawson's and the Commission's view and permit commitment to TYC when the juvenile had been adjudicated for one misdemeanor offense before the adjudication upon which the modification is based:
(f) Except as provided by Subsection (j), a disposition based on a finding that the child engaged in delinquent conduct that violates a penal law of this state or the United States of the grade of felony or, if the requirements of Subsection (k) are met, of the grade of misdemeanor, may be modified so as to commit the child to the Texas Youth Commission if the court after a hearing to modify disposition finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. . . .
. . . .
(k) The court may modify a disposition under Subsection (f) that is based on an adjudication that the child engaged in delinquent conduct that violates a penal law of the grade of misdemeanor if:
(1) the child has been adjudicated as having engaged in delinquent conduct violating a penal law of the grade of felony or misdemeanor on at least one previous occasion before the adjudication that prompted the disposition that is being modified; and
(2) the conduct that was the basis of the adjudication that prompted the disposition that is being modified occurred after the date of the previous adjudication.[4]
We will refer to the amended version of the statute as section 54.05 (2003).
When the trial court modified its disposition order to commit E.C. to TYC, E.C. had only one previous adjudication that was "separate and in addition to the adjudication on which the modification [was] based"  the 2001 misdemeanor adjudication for assault-bodily injury. See In re S.B., 94 S.W.3d at 719. Accordingly, if section 54.05 (2001) applies, the trial court was not authorized to commit E.C. to TYC. Conversely, if section 54.05 (2003) applies, the trial court was authorized to commit E.C. to TYC. Accordingly, we must first determine which version of the statute governs. Our research revealed only one opinion addressing this issue  In re U.G.V., 199 S.W.3d 1 (Tex.App.-El Paso 2005, no pet.).
U.G.V. was first adjudicated a delinquent and placed on supervised probation for a misdemeanor assault (occurring in February 2002) on March 19, 2002. Id. at 2. He was then adjudicated a delinquent and placed on intensive supervised probation for several counts of misdemeanor possession and graffiti (occurring in March, April, and June 2003) on September 24, 2003. Id. Shortly thereafter, on October 23, 2003, the State moved to modify *428 the disposition because of four instances of truancy between September 26 and October 14, 2003. Id. On January 15, 2004, the trial court held a modification hearing and committed U.G.V. to TYC. Id. at 2-4. On appeal, U.G.V. argued "the trial court abused its discretion in its modification of his disposition to the TYC by applying Section 54.05(k) (2003) to determine his eligibility for placement in the TYC instead of . . . Section 54.05(k) (2001). . . ." Id. at 3-4. To resolve this issue, the El Paso Court of Appeals construed the savings clause enacted simultaneously with section 54.05 (2003). The savings clause provides as follows:
(a) This Act takes effect September 1, 2003.
(b) Except as provided by Subsections (d), (e), and (g) of this section, this Act applies only to conduct that occurs on or after the effective date of this Act. Conduct violating the penal law of this state occurs on or after the effective date of this Act if any element of the violation occurs on or after that date.
(c) Conduct that occurs before the effective date of this Act is governed by the law in effect at the time the conduct occurred, and that law is continued in effect for that purpose.[5]
Construing "conduct" in these provisions, the El Paso Court of Appeals reasoned as follows:
Importantly, under Subsection (f), in order to modify a disposition to commit a juvenile to the TYC, the court must find by a preponderance of the evidence that the child violated a reasonable and lawful order of the court . . . By the plain language of the statute, the court's finding of a violation is the relevant conduct that may result in modification of a disposition to commitment in the TYC.
Id. at 6-7. We agree. For purposes of modifying a disposition pursuant to section 54.05(k) (2003), the only relevant conduct is the conduct at issue in the modification hearing  the conduct that causes the court to "find[] by a preponderance of the evidence that the child violated a reasonable and lawful order of the court." We therefore hold that if the juvenile's conduct in violating a reasonable and lawful order of the court occurs on or after September 1, 2003, section 54.05 (2003) applies. Accordingly, because E.C.'s conduct giving rising to the modification  the 2004 probation violations  occurred after September 1, 2003 and after his September 19, 2003 adjudication for resisting arrest, section 54.05 (2003) applies; therefore, E.C.'s previous adjudication for misdemeanor assault-bodily injury authorized the trial court to commit E.C. to TYC.

WAIVER
In light of our holding, we need not reach the issue of whether E.C. waived his right to complain of the trial court's application of section 54.05 (2003) by failing to object. Nonetheless, because of the dearth of authority in this area, we will do so out of an abundance of caution.
Two courts of appeals have held that a juvenile need not object in this context because "[a] criminal sentence unauthorized by law is void, and a defect that renders a sentence void may be raised at any time." In re A.I., 82 S.W.3d 377, 379 (Tex.App.-Austin 2002, pet. denied); see also In re Q.D.M., 45 S.W.3d 797, 799-800 (Tex.App.-Beaumont 2001, pet. denied). However, we are persuaded that an objection is required by the dissent's reasoning in In re C.B.J., No. 10-03-00008-CV, 2004 *429 WL 1588274, at *4-6 (Tex.App.-Waco July 14, 2004, no pet.) (mem. op.) (Gray, C.J., dissenting), and its conclusion that, "[t]hough a sentence is illegal if it lies outside the statutory range of punishment for the offense, it is not illegal if it merely lies outside the correct range of punishment for the offender." Id. at *5. We therefore hold that, even if the trial court erred in applying section 54.05 (2003) rather than section 54.05 (2001), E.C. waived the error by failing to object.

CONCLUSION
Because the conduct giving rise to the modification of the disposition occurred after the effective date of section 54.05 (2003) and after E.C. was adjudicated delinquent for resisting arrest on September 19, 2003, the trial court was authorized to commit E.C. to TYC. And, even if the trial court erred in applying section 54.05 (2003), the error does not render the judgment void; accordingly, E.C. waived the error by failing to object. We therefore affirm the trial court's judgment.
NOTES
[1] See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re D.A.S., 973 S.W.2d 296 (Tex.1998) (holding Anders procedures apply to juvenile appeals).
[2] Act of May 24, 2001, 77th Leg., R.S., ch. 1297, § 28, 2001 Tex. Gen. Laws 3142, 3154; Act of May 22, 2001, 77th Leg., R.S., ch. 1420, § 5.002, 2001 Tex. Gen. Laws 4210, 4226-27 (amended 2003) (current version at TEX. FAM. CODE ANN. § 54.05(f), (k) (Vernon Supp.2006)).
[3] See id. at 718, 719 (citing In re A.I., 82 S.W.3d 377, 380-81 (Tex.App.-Austin 2002, pet. denied); In re N.P., 69 S.W.3d 300, 302 (Tex.App.-Fort Worth 2002, pet. denied); In re A.N., 54 S.W.3d 487, 492 n. 23 & accompanying text (Tex.App.-Fort Worth 2002, pet. denied); In re Q.D.M., 45 S.W.3d 797, 802 (Tex.App.-Beaumont 2001, pet. denied)); see also In re T.W.K., 4 S.W.3d 790, 791 n. 2 (Tex.App.-San Antonio 1999, no pet.) (recognizing disagreement); see generally Vasquez v. State, 816 S.W.2d 750, 752 n. 3 (Tex.Crim. App.1991) (describing Professor Dawson's role in the enactment of the original Code).
[4] TEX. FAM. CODE ANN. §§ 54.05(f), (k) (Vernon Supp.2006).
[5] Act of June 2, 2003, 78th Leg., R.S., ch. 283, § 62(a), (b) & (c), 2003 Tex. Gen. Laws 1221, 1245 (emphasis added).