COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-384-CV

 

IN THE MATTER OF                                                                             

                                                    

E.M.R.                                                                                               

 

                                              ------------

 

           FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

Appellant E.M.R. appeals his
commitment to the Texas Youth Commission (ATYC@).  In his sole issue, appellant contends that
the juvenile court erred by committing him to the TYC because his previous
adjudication was only for a Class C misdemeanor.  We affirm.

                                      II. Background Facts








On November 1, 2005, the
juvenile court adjudicated appellant delinquent for committing the misdemeanor
offense of evading arrest and placed him on probation for one year.  Eleven months later, the State moved to
modify appellant=s probation
to commitment at the TYC after appellant had allegedly violated probation terms
by testing positive for drugs, failing to report to his probation officer,
running away from his mother=s custody, and failing to attend and successfully complete the Vernon
Treatment Program.[2]  The juvenile court found that appellant had
violated his probation terms.

In support of its request to
modify appellant=s probation
to commitment to the TYC, the State presented evidence that appellant had been
previously adjudicated delinquent on May 21, 2004 for the Class B misdemeanor
offense of criminal mischief with a pecuniary loss of $50 or more but less than
$500.  Appellant argued that the prior
offense was actually a Class C misdemeanor and was therefore not sufficient to
justify commitment to the TYC.  However,
the juvenile court modified its disposition in appellant=s evading arrest adjudication and committed him to the TYC.  

                                 III.  Commitment to the TYC

In his sole issue, appellant
contends that the juvenile court erred in determining that commitment to the
TYC was warranted.  We disagree.

 








A.  Applicable Law

The juvenile court has broad
discretion to determine the proper disposition of a juvenile who has been
adjudicated.  In re K.J.N., 103
S.W.3d 465, 465-66 (Tex. App.CSan Antonio 2003, no pet.); In re J.D.P., 85 S.W.3d 420, 426
(Tex. App.CFort Worth
2002, no pet.).  Absent an abuse of
discretion, a reviewing court will not disturb the juvenile court=s determination.  In re
K.J.N., 103 S.W.3d at 465-66; In re J.D.P., 85 S.W.3d at 426.  An abuse of discretion occurs when the
juvenile court acts unreasonably or arbitrarily without reference to any
guiding rules and principles.  In re
K.J.N., 103 S.W.3d at 466; In re T.K.E., 5 S.W.3d 782, 784 (Tex.
App.CSan Antonio 1999, no pet.).

A court may modify the
disposition of a delinquency adjudication if the child has been adjudicated
delinquent for committing a felony or misdemeanor on at least one previous
occasion and the conduct which is the basis of the current adjudication
occurred after the date of the previous adjudication.  Tex.
Fam. Code Ann. ' 54.05(f), (k) (Vernon Supp. 2006); In re E.C., 216 S.W.3d 424,
427-28 (Tex. App.CSan Antonio
2006, no pet.).  








A juvenile=s commission of a Class B misdemeanor constitutes delinquent
conduct while the commission of a Class C misdemeanor constitutes conduct
indicating a need for supervision.  See
Tex. Fam. Code Ann. ' 51.03(a)(1), (b)(1)(A) (Vernon Supp. 2006); Tex. Penal Code Ann. '' 12.22, 12.23 (Vernon 2003). 
Because a juvenile must have at least one prior delinquency adjudication
to be committed to TYC, a Class C misdemeanor adjudication, alone, will not
suffice.  

A person commits the Class B
misdemeanor offense of criminal mischief if he intentionally or knowingly
damages or destroys the tangible property of the owner and causes a loss of $50
or more but less than $500.  Tex. Penal Code Ann. ' 28.03 (Vernon Supp. 2006).  A
person commits the Class C misdemeanor offense of reckless damage or
destruction if, without the effective consent of the owner, he recklessly
damages or destroys property of the owner. 
Id. ' 28.04
(Vernon 2003).

B.  Analysis

Appellant argues that because
someone hand-wrote the words Aor recklessly@ in the
petition for his first adjudication, his prior adjudication was a Class C
misdemeanor for reckless damage or destruction, not a Class B misdemeanor for
criminal mischief.  Therefore, according
to appellant, he had no prior adjudication of delinquency, and the trial court
erred by committing him to the TYC after his evading arrest adjudication.  We disagree.








Although someone handwrote
the words Aor
recklessly@ in
appellant=s first
delinquency petition, the plain language of the delinquency judgment
indicated that the juvenile court determined that appellant committed the Class
B misdemeanor offense of criminal mischief. 
Specifically, the judgment indicated that appellant Aengaged in delinquent conduct,@ not conduct indicating a need for supervision, and that appellant was
adjudicated for Acriminal
mischief@ involving a pecuniary loss of more than $50 but less than $500 as
defined in section 28.03 of the Texas Penal Code.  See id. ' 28.03.  Also, although someone
hand-wrote the words Aor
recklessly,@ the words Aintentionally and knowingly@ remained in the petition; thus, the wording for section 28.03 was
included in the petition.  

Because of appellant=s prior delinquency adjudication, the juvenile court did not abuse its
discretion by modifying his probation to commitment at the TYC.  See Tex.
Fam. Code Ann. ' 54.05(f),
(k); In re E.C., 216 S.W.3d at 427-28. 
Accordingly, we overrule appellant=s sole issue.

IV.  Conclusion

We affirm the juvenile court=s judgment committing appellant to the TYC.

 

 

PER
CURIAM

 

PANEL F:    LIVINGSTON,
J.; CAYCE, C.J.; and DAUPHINOT, J.

 

DELIVERED: May 24,
2007











[1]See Tex. R. App. P. 47.4.





[2]The
Vernon Treatment Program is a drug and alcohol rehabilitation program.