IN THE MATTER OF EMR

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-384-CV

IN THE MATTER OF 

E.M.R. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant E.M.R. appeals his commitment to the Texas Youth Commission (“TYC”).  In his sole issue, appellant contends that the juvenile court erred by committing him to the TYC because his previous adjudication was only for a Class C misdemeanor.  We affirm.

II. Background Facts

On November 1, 2005, the juvenile court adjudicated appellant delinquent for committing the misdemeanor offense of evading arrest and placed him on probation for one year.  Eleven months later, the State moved to modify appellant’s probation to commitment at the TYC after appellant had allegedly violated probation terms by testing positive for drugs, failing to report to his probation officer, running away from his mother’s custody, and failing to attend and successfully complete the Vernon Treatment Program.
(footnote: 2)  The juvenile court found that appellant had violated his probation terms.

In support of its request to modify appellant’s probation to commitment to the TYC, the State presented evidence that appellant had been previously adjudicated delinquent on May 21, 2004 for the Class B misdemeanor offense of criminal mischief with a pecuniary loss of $50 or more but less than $500.  Appellant argued that the prior offense was actually a Class C misdemeanor and was therefore not sufficient to justify commitment to the TYC.  However, the juvenile court modified its disposition in appellant’s evading arrest adjudication and committed him to the TYC.  

III.  Commitment to the TYC

In his sole issue, appellant contends that the juvenile court erred in determining that commitment to the TYC was warranted.  We disagree.

A.  Applicable Law

The juvenile court has broad discretion to determine the proper disposition of a juvenile who has been adjudicated.  
In re K.J.N.
, 103 S.W.3d 465, 465-66 (Tex. App.—San Antonio 2003, no pet.); 
In re J.D.P.
, 85 S.W.3d 420, 426 (Tex. App.—Fort Worth 2002, no pet.).  Absent an abuse of discretion, a reviewing court will not disturb the juvenile court’s determination.  
In re K.J.N., 
103 S.W.3d at 465-66; 
In re J.D.P., 
85 S.W.3d at 426.
  
An abuse of discretion occurs when the juvenile court acts unreasonably or arbitrarily without reference to any guiding rules and principles.  
In re K.J.N., 
103 S.W.3d at 466
; In re T.K.E.
, 5 S.W.3d 782, 784 (Tex. App.—San Antonio 1999, no pet.).

A court may modify the disposition of a delinquency adjudication if the child has been adjudicated delinquent for committing a felony or misdemeanor on at least one previous occasion and the conduct which is the basis of the current adjudication occurred after the date of the previous adjudication.  
Tex. Fam.
 
Code Ann. 
§ 54.05(f), (k) (Vernon Supp. 2006); 
In re E.C.
, 216 S.W.3d 424, 427-28 (Tex. App.—San Antonio 2006, no pet.).  

A juvenile’s commission of a Class B misdemeanor constitutes 
delinquent
 conduct while the commission of a Class C misdemeanor constitutes conduct indicating a need for supervision.  
See
 
Tex. Fam.
 
Code Ann. 
§ 51.03(a)(1), (b)(1)(A) (Vernon Supp. 2006); 
Tex. Penal
 
Code Ann. 
§§ 12.22, 12.23 (Vernon 2003).  Because a juvenile must have at least one prior delinquency adjudication to be committed to TYC, a Class C misdemeanor adjudication, alone, will not suffice.  

A person commits the Class B misdemeanor offense of criminal mischief if he intentionally or knowingly damages or destroys the tangible property of the owner and causes a loss of $50 or more but less than $500.  
Tex. Penal
 
Code Ann. 
§ 28.03 (Vernon Supp. 2006).  A person commits the Class C misdemeanor offense of reckless damage or destruction if, without the effective consent of the owner, he recklessly damages or destroys property of the owner.  
Id
. § 28.04 (Vernon 2003).

B.  Analysis

Appellant argues that because someone hand-wrote the words “or recklessly” in the petition for his first adjudication, his prior adjudication was a Class C misdemeanor for reckless damage or destruction, not a Class B misdemeanor for criminal mischief.  Therefore, according to appellant, he had no prior adjudication of delinquency, and the trial court erred by committing him to the TYC after his evading arrest adjudication.  We disagree.

Although someone handwrote the words “or recklessly” in appellant’s first delinquency petition, the plain language of the delinquency 
judgment
 indicated that the juvenile court determined that appellant committed the Class B misdemeanor offense of criminal mischief.  Specifically, the judgment indicated that appellant “engaged in delinquent conduct,” not conduct indicating a need for supervision, and that appellant was adjudicated for “criminal mischief” involving a pecuniary loss of more than $50 but less than $500 as defined in section 28.03 of the Texas Penal Code.  
See
 
id
. § 28.03.  Also, although someone hand-wrote the words “or recklessly,” the words “intentionally and knowingly” remained in the petition; thus, the wording for section 28.03 was included in the petition.  

Because of appellant’s prior delinquency adjudication, the juvenile court did not abuse its discretion by modifying his probation to commitment at the TYC.  
See 
Tex. Fam. Code Ann.
 § 54.05(f), (k); 
In re E.C.
, 216 S.W.3d at 427-28.  Accordingly, we overrule appellant’s sole issue.

IV.  Conclusion

We affirm the juvenile court’s judgment committing appellant to the TYC.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DELIVERED: May 24, 2007

FOOTNOTES
1:
See
 
Tex. R. App
. P. 47.4.

2:
The Vernon Treatment Program is a drug and alcohol rehabilitation program.