**In the Interest of C.T.H., a minor child.**

**No. 09-02-477 CV.**

Court of Appeals of Texas, Beaumont.

Submitted June 12, 2003.

Decided July 17, 2003.

Ronald Plessala, Provost & Umphrey, Beaumont, for appellant.

Larry C. Hunter, Law Offices of Larry C. Hunter, Vidor, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

This is an appeal from a district court order modifying the parent-child relationship, involving C.T.H., a minor child, born on February 17, 1996.

*Procedural History*

The case arises out of the divorce decree dissolving the marriage of Amanda Deann Havard ("Amanda"), and Gregory Wayne Havard, Jr. ("Gregory", "Appellant"), entered April 12, 2000. The divorce decree provided, in pertinent part, that Amanda and Gregory be joint managing conservators of C.T.H., a child born out of their marriage, with Amanda being designated as the primary[1] joint managing conservator, including the right, *inter alia*, to establish the primary residence of the child. On December 10, 2001, Gregory filed a petition to modify the parent-child relationship, which alleged that circumstances had materially and substantially changed, and it would be in the child's best interest that he be appointed sole managing conservator, or, alternatively, primary joint managing conservator. Amanda responded to Gregory's motion, and, additionally, sought an increase in child support payments. Thereafter, Jerry and Kathy Blankenship, Amanda's parents,("Jerry" and "Kathy", "Appellees") were permitted to intervene in the case, seeking, alternatively, retention of Amanda as primary joint managing conservator, or, that they be appointed joint managing conservators,

---

1. The Court is well aware that the Family Code does not designate any party as "primary joint managing conservator." However, in the interest of clarity, we shall do so here.

with right to primary possession of C.T.H. In an amended motion, Gregory alleged, *inter alia*, that Amanda had relinquished primary care and possession of C.T.H. for a period of at least six months. The case was tried before the court without a jury.

Jerry and Kathy were appointed as primary joint managing conservators of C.T.H., with exclusive authority to, *inter alia*, establish the primary residence of the child within the Vidor Independent School District. The trial court found and concluded that the circumstances of a party affected by the original divorce decree had materially and substantially changed, that appointment of Appellees as the primary joint managing conservators of C.T.H. would be a positive improvement and in C.T.H.'s best interest, that the parental presumption of Section 153.131 of the Texas Family Code does not apply to modification under Section 156.101, that it would not be in C.T.H.'s best interest for either Gregory or Amanda to serve as primary joint conservator, and that Gregory and Amanda had voluntarily relinquished care, control and custody of C.T.H. to Jerry and Kathy.

On appeal, Appellant contends: 1) that Section 156.101(1) of the Texas Family Code is an unconstitutional denial of his rights as a parent; 2) that the trial court erred in finding that Appellant voluntarily relinquished actual care, control, and possession of C.T.H. to Appellees; and 3) the judgment should be reversed because the trial court appointed as joint managing conservators of C.T.H. persons who had no justiciable interest in the controversy.

2. In *V.L.K.*, the Supreme Court held that the "parental presumption" in Section 153.131 of the Family Code—that it is in the best interest of a child to be with a natural parent unless the appointment would impair the child's

*Facts*

C.T.H. was born with a birth defect, arthrogryposis, also known as Escobar Syndrome or Multiple Pteryguin Syndrome. He does not have movement in his arms or legs, but is mentally normal. There is no cure for this disease at the present time; this will be his condition for the rest of his life. Petitioner's Exhibit 11 depicts C.T.H. from the time of birth until the time of trial.

*Challenge to Constitutionality of Section 156.101(1)*

■ In his first issue on appeal, Appellant contends that Section 156.101(1), Tex. Fam.Code Ann. (Vernon 2002), as interpreted by the Texas Supreme Court in *In the Interest of V.L.K.*, 24 S.W.3d 338 (Tex. 2000),[2] "is an unconstitutional denial of Appellant's right as a parent protected by the Fourteenth Amendment to the United States Constitution," "as applied to him, and to others similarly situated...." He relies heavily on the recent opinion of the United States Supreme Court in *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).

■ Appellees contend that this issue is not before the Court of Appeals because the claim of unconstitutionality was not raised in the trial court. In order to preserve a claim for appellate review, the complaining party must present his or her complaint to the trial court by a timely, appropriate request. Tex.R.App. P. 33.1(a)(1). The Texas Supreme Court has required such presentation to the trial court even in family law cases in which a constitutional issue was raised. *See Texas Dep't of Protective and Regulatory Serv. v.*

health or emotional development—is not applicable to suits for modification in Section 156.101(1) of the Family Code. *In the Interest of V.L.K.*, 24 S.W.3d at 339–40, 343.

*Sherry*, 46 S.W.3d 857, 861 (Tex.2001); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex.1993). *See also In the Interest of J.F.C.*, 96 S.W.3d 256, 273, 277 (Tex.2002).[3] We have reviewed the pleadings, as well as the judgment and findings and conclusions in the record, and have concluded the constitutional issue was not presented to the trial court. Therefore, we may not consider it. This issue is overruled.

*Trial Court's Finding of Appellant's Voluntary Relinquishment of Care, Custody and Control of C.T.H. are supported by no evidence or insufficient evidence.*

Appellant contends there is no evidence or insufficient evidence to support the trial court's findings that he voluntarily relinquished control of C.T.H. In its "Amended Findings of Fact and Conclusions of Law," the trial court found: "21. Petitioner (Appellant) and Respondent (Amanda) have voluntarily relinquished actual care, control, and possession of the child to Intervenors (Appellees) for a period of one year or more, a portion of which was within ninety days preceding the date of filing of Petitioner's petition to modify herein. 22. The voluntary relinquishment of the actual care, control, and possession of the child to Intervenors operates against both the Respondent as relinquishing party and the Petitioner by implied consent." Both parties acknowledge that these findings, required by Section 156.101(3) as an alternative basis for modification of custody, are significant only if our ruling on Issue 1 finds the statute unconstitutional. Since

there is no constitutional issue to decide, this issue is overruled.

*Appellees had no justiciable interest in the case at the time of trial.*

■ Appellant contends in Issue Three that the case should be reversed and remanded because, at the time of trial, Appellees had no justiciable interest in the case. They contend that Appellees' voluntarily returning C.T.H. to Amanda's care removes their interest in further pursuing this case.

Appellees' petition in intervention alleges that they have had actual care, control, and possession of C.T.H. for a period of at least six months prior to the filing of this petition. They request that Amanda be retained as primary joint managing conservator. They ask, only in the alternative, that if the court finds modification is required, that they, and not Appellant, be named primary joint managing conservators. Kathy testified that it was never their intention to take custody away from Amanda. If the court would determine that C.T.H. should not be in the primary custody of Amanda, they wanted to provide the judge with what they felt was a more suitable alternative. Their return of custody to Amanda prior to trial was not inconsistent with their position since their intervention.

■ A justiciable controversy is one that is definite and concrete and impacts the legal relations of parties having adverse legal interests. *City of Fort Worth*

---

**3.** The Fort Worth Court of Appeals, on May 8, 2003, in a panel opinion, upheld the constitutionality of Section 156.101(1) as interpreted by *In the Interest of V.L.K.* and against a challenge based on *Troxel*. *See In the Interest of M.N.G.*, 2003 Tex.App. LEXIS 4034 at **7–24, 113 S.W.3d 27, 29–31, 2003 WL 21027353 (Tex.App.-Fort Worth 2003, no pet.). On the other hand, the author of a

recent law journal article has advocated that Section 156.101(1) be held unconstitutional in light of *Troxel* and also under the Texas Constitution. *See* David F. Johnson, *In re V.L.K. v. Troxel: Is the "Best Interest" Standard in a Motion to Modify the Sole Managing Conservator Subject to a Due Process or Due Course Challenge?*, 34 St. Mary's L.J. 623, 638–49 (2003).

*v. Pastusek Indus., Inc.*, 48 S.W.3d 366, 371 (Tex.App.-Fort Worth 2001, no pet.). Based upon the pleadings and the evidence, we find that Appellees had a justiciable interest in the instant matter. This issue is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.