**In the MATTER OF E.K.G.**

**No. 04–15–00230–CV**

Court of Appeals of Texas, San Antonio.

Delivered and Filed: February 10, 2016

Nicolas A. LaHood, District Attorney, Bexar County, San Antonio, for State of Texas.

Michael D. Robbins, Appellate Public Defender's Office, San Antonio, for E.K.G.

Sitting en banc: Sandee Bryan Marion, Chief Justice, Karen Angelini, Justice, Marialyn Barnard, Justice, Rebeca C. Martinez, Justice, Patricia O. Alvarez, Justice, Luz Elena D. Chapa, Justice, Jason Pulliam, Justice

## OPINION

Opinion by: Rebeca C. Martinez, Justice

E.K.G., a juvenile, appeals the trial court's order modifying her disposition and committing her to the Texas Juvenile Justice Department (TJJD) for an indeterminate term. On its own motion, the court voted to consider this appeal en banc in order to reconsider the standard of review for juvenile disposition orders. We abrogate the standard of review established by *In re K.T.*, 107 S.W.3d 65 (Tex.App.–San Antonio 2003, no pet.), and hold that legal and factual sufficiency are relevant factors in determining whether a trial court abuses its discretion in making the necessary findings underlying a disposition order. Applying this standard of review to the evidence in this case, we affirm the trial court's disposition order committing E.K.G. to the TJJD for an indeterminate term.

## BACKGROUND

E.K.G. pled "true" to an allegation that she engaged in delinquent conduct by committing felony theft of property, namely ten items of jewelry which had an aggregate value greater than $1,500 but not more than $20,000. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp.2015). The trial court adjudicated that E.K.G. engaged in delinquent behavior, and on January 7, 2014 placed her on juvenile probation in the care, custody, and control of her parents for twelve months. Two months later, the State filed a motion to modify disposition, alleging E.K.G. violated several conditions of her probation by habitually failing to attend school and failing to avoid any and all use of illegal drugs. E.K.G. pled "true" to the allegations, and the trial court modified her disposition by extending the term of her probation by twelve months.

After four months, the State brought its second motion to modify disposition, in which the State alleged that E.K.G. failed to attend school, failed to complete court-ordered community service, left home without permission, failed to avoid illegal drugs, and violated her curfew. E.K.G. again pled "true" to the allegations, and her probation was modified and extended until her eighteenth birthday on February 19, 2016. She was placed outside her home in the care, custody, and control of the Chief Juvenile Probation Officer of

Bexar County to serve her probation in a residential placement facility. On February 20, 2015, the State filed a third motion to modify disposition, in which the State alleged that E.K.G. failed to cooperate fully and obey all of the rules of the residential placement facility, in violation of Condition No. 22 of her probation. On March 27, 2015, E.K.G. pled "true" to the allegations and the trial court found that E.K.G. violated Condition No. 22 of her probation. The court revoked her probation, found that E.K.G. was in need of rehabilitation and that disposition was required, and ordered E.K.G. committed to the TJJD for an indeterminate term. On appeal, E.K.G. argues the trial court abused its discretion when it committed her to the TJJD.

## STANDARD OF REVIEW

■ A juvenile court possesses broad discretion to determine a suitable disposition for a child who has been adjudicated as having engaged in delinquent behavior. *See* TEX. FAM. CODE ANN. § 54.04 (West Supp.2015) (disposition hearing); *see also In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.–San Antonio 2006, no pet). This is particularly true in proceedings to modify a juvenile's disposition. *See* TEX. FAM. CODE ANN. § 54.05 (West Supp.2015) (modification of disposition hearing); *see also In re D.R.A.*, 47 S.W.3d 813, 815 (Tex. App.–Fort Worth 2001, no pet.) ("Juvenile courts are vested with a great amount of discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially so in hearings to modify disposition."). Absent an abuse of discretion, a reviewing court will not disturb the juvenile court's disposition or modification of a disposition. *In re P.E.C.*, 211 S.W.3d at 370; *In re D.R.A.*, 47 S.W.3d at 815.

■ An abuse of discretion occurs when the trial court acts unreasonably or arbi-

trarily, or without reference to any guiding rules or principles. *In re K.J.N.*, 103 S.W.3d 465, 466 (Tex.App.–San Antonio 2003, no pet.). The guiding rules and principles in juvenile cases involving commitment outside the child's home are found in the Juvenile Justice Code, which is located in the Texas Family Code. Section 54.04(i) authorizes the trial court to commit a child to the TJJD based on findings that: (1) it is in the child's best interest to be placed outside the home; (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return home; and (3) while in the home, the child cannot receive the quality of care and level of support and supervision needed to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.04(i); *see id.* § 54.05(m) (same findings required for commitment upon modification of disposition); *see also In re P.E.C.*, 211 S.W.3d at 370. Under section 54.04(d)(2), the trial court may commit a child who has been adjudicated as having engaged in delinquent conduct consisting of a felony to the TJJD without a determinate sentence. TEX. FAM. CODE ANN. § 54.04(d)(2).

Although it is well established that the above-stated abuse of discretion standard governs review of disposition orders, the standard has not been applied consistently by the courts of appeals, including our court, with respect to evidentiary review of the trial court's fact findings underlying its disposition order. Prior to 2003, we reviewed the trial court's findings of fact underlying the disposition order for legal and factual sufficiency as "relevant factors" in determining whether the court abused its discretion. *In re K.R.*, 82 S.W.3d 660, 661 (Tex.App.–San Antonio 2002, no pet.); *In re J.S.*, 993 S.W.2d 370, 372 (Tex.App.–San Antonio 1999, no pet.). We determined that civil sufficiency stan-

dards of review should apply to the findings underlying the disposition order because the Family Code places no burden of proof on the State at the disposition phase and juvenile proceedings are governed by civil procedures unless otherwise provided in the Family Code. *In re T.K.E.*, 5 S.W.3d 782, 785 (Tex.App.–San Antonio 1999, no pet.) (noting that criminal sufficiency standards of review apply to findings in the adjudication phase because the State bears a "beyond a reasonable doubt" burden of proof under section 54.03(f) of the Family Code).

In 2003, a majority of this court sitting en banc "clarified" the abuse of discretion standard for reviewing disposition orders and rejected the use of a traditional sufficiency analysis. *In re K.T.*, 107 S.W.3d 65, 67 (Tex.App.–San Antonio 2003, no pet.) (overruling *In re K.R.* and similar cases to the extent of a conflict). The majority held that application of the abuse of discretion standard to a disposition order, and its related fact findings, means a review "divorced from" legal and factual sufficiency standards, in which we "defer to the trial court's findings of fact but determine de novo whether the facts supported by the record justify the trial court's disposition order in light of the purposes of Texas' Juvenile Justice Code." *Id.* We held that application of a criminal abuse of discretion standard, separate and apart from evidentiary sufficiency standards, was appropriate because it requires "the greatest measure of deference available to the trial court's factual determinations," along with de novo review of the legal principles and their application to the facts. *See id.* at 74–75 (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997)). In the years since *In re K.T.*, we have referred to the criminal abuse of discretion standard in reviewing juvenile disposition orders. *See, e.g., In re A.M.C.*, No. 04–11–00116–CV, 2011 WL 6090077, at *3 (Tex.App.–San

Antonio Dec. 7, 2011, no pet.) (mem.op.) (reviewing commitment order for indeterminate sentence under *In re K.T.*'s abuse of discretion standard "separate and apart from legal and factual sufficiency standards" by viewing the evidence in the light most favorable to the ruling, affording almost total deference to the juvenile court's fact findings supported by the record, but reviewing de novo the juvenile court's determination of the applicable law, application of the law to the facts, and resolution of any factual issues not involving credibility assessments); *see also In re T.R.*, No. 04–10–00384–CV, 2011 WL 721496, at *2 (Tex.App.–San Antonio March 2, 2011, no pet.) (mem.op.) (applying *In re K.T.*'s standard of review to commitment order); *see also In re A.H.J.*, No. 04–09–00807–CV, 2010 WL 3782110, at *1 (Tex.App.–San Antonio Sept. 29, 2010, no pet.) (mem.op.) (applying *In re K.T.*'s standard of review to order modifying disposition to extend probation and place child in custody of Chief Juvenile Probation Officer).

None of our sister courts of appeals have adopted the standard announced in *In re K.T.* Indeed, the vast majority of the other courts of appeals have continued to engage in a traditional legal and factual sufficiency review of the fact findings underlying a disposition order. *See, e.g., In re J.B.*, No. 01–13–00844–CV, 2014 WL 6998068, at *4 (Tex.App.–Houston [1st Dist.] Dec. 11, 2014, no pet.) (mem.op.); *In re M.E.*, No. 02–14–00051–CV, 2014 WL 7334990, at *2 (Tex.App.–Fort Worth Dec. 23, 2014, no pet.) (mem.op.); *In re C.F.*, No. 03–04–00052–CV, 2005 WL 1489861, at *3 (Tex.App.–Austin June 23, 2005, no pet.); *In re C.G.*, 162 S.W.3d 448, 452 (Tex.App.–Dallas 2005, no pet.); *In re A.D.*, 287 S.W.3d 356, 366 (Tex.App.–Texarkana 2009, pet. denied); *In re A.O.*, 342 S.W.3d 236, 240 (Tex.App.–Amarillo 2011, pet. denied); *In re H.R.C.*, 153 S.W.3d 266,

268–69 (Tex.App.–El Paso 2004, no pet.); *In re D.G., III,* No. 09–05–00510–CV, 2006 WL 3334557, at *3 (Tex.App.–Beaumont Nov. 16, 2006, no pet.) (mem.op.); *In re T.E.G.,* 222 S.W.3d 677, 678–79 (Tex.App.–Eastland 2007, no pet.); *In re R.E.A.,* No. 13–01–00129–CV, 2002 WL 992656, at *1 (Tex.App.–Corpus Christi May 16, 2002, no pet.); *In re M.R.L.,* No. 14–00–00797–CV, 2001 WL 1249302, at *2 (Tex.App.–Houston [14th Dist.] Oct. 18, 2001, no pet.) (mem.op.). Several of the courts of appeals conduct a legal and factual sufficiency review of the disposition findings not as "independent grounds of error," but as "relevant factors" in determining whether the trial court abused its discretion. *See In re J.B.,* 2014 WL 6998068, at *4; *In re C.J.H.,* 79 S.W.3d 698, 702–03 (Tex.App.–Fort Worth 2002, no pet.); *In re A.D.,* 287 S.W.3d at 366; *In re T.E.G.,* 222 S.W.3d at 679; *In re M.R.L.,* 2001 WL 1249302, at *2; *In re C.G.,* 162 S.W.3d at 452.

■ Revisiting the *In re K.T.* standard, we disagree that the criminal abuse of discretion standard established by *Guzman* is appropriate for findings made during the disposition phase of a juvenile proceeding. *See In re K.T.,* 107 S.W.3d at 74–75 (citing *Guzman* for its standard of review). Juvenile proceedings, although quasi-criminal in nature, are civil proceedings which are governed by the Texas Rules of Civil Procedure unless otherwise provided by the Juvenile Justice Code. TEX. FAM. CODE ANN. § 51.17(a) (West 2014); *id.* § 56.01(b) (West Supp.2015) (juvenile appeals are treated as civil cases generally); *see In re T.K.E.,* 5 S.W.3d at 784. The legislature made such an exception when it specifically mandated that fact findings supporting an adjudication of delinquency must be supported by the criminal burden of proof, i.e., beyond a reasonable doubt. TEX. FAM. CODE ANN. § 54.03(f) (West 2014). However, the legislature did

not require findings made during the disposition phase to be supported by proof beyond a reasonable doubt, or any other specific burden of proof. *See* TEX. FAM. CODE ANN. § 54.04. Thus, regardless of whether a juvenile's disposition consists of in-home probation or commitment to the TJJD for an indeterminate term, the Family Code places no burden of proof on the State at the disposition phase. *In re T.K.E.,* 5 S.W.3d at 785.

Instead, section 54.04 of the Family Code places the responsibility on the trial court to consider the evidence and make fact findings sufficient to support its disposition order and to state those findings in its order. TEX. FAM. CODE ANN. § 54.04(c), (f). The findings required by section 54.04 are the guiding principles that inform the juvenile court's discretion in determining an appropriate disposition. *See In re T.K.E.,* 5 S.W.3d at 784; *see also In re C.J.H.,* 79 S.W.3d at 704. As explained in the concurring opinion in *In re K.T.,* in determining an appropriate disposition a juvenile court does not merely apply a set legal standard to the facts. *In re K.T.,* 107 S.W.3d at 76 (Stone, J., concurring). The trial court is guided by the required findings of section 54.04, but the findings do not supplant the court's discretion in making the ultimate decision whether to place the child inside or outside the home or to commit her to the TJJD. *In re K.T.,* 107 S.W.3d at 76–77 (Stone, J., concurring). For example, the juvenile court may find each of the requirements of section 54.05(i) to be present, but still exercise its discretion, based on other reasons, not to order the child's placement outside the home or order commitment. *Id.* at 77. The juvenile court may not, however, order placement outside the home or commitment in the absence of evidence to support the findings required by section 54.05(i) as this would constitute an abuse of discretion, i.e., acting without reference to the guiding

rules and principles. *Id.* Thus, application of civil sufficiency standards to the evidence supporting the required findings is necessary and appropriate in order to determine whether the trial court has abused its discretion in making the particular disposition. *See id.* (urging application of the standard of review used in *In re K.R.* and *In re J.S.* ). The supreme court has acknowledged that in appropriate cases legal and factual sufficiency may be "relevant factors" in assessing whether a trial court has abused its discretion. *Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991); *see In re C.J.H.,* 79 S.W.3d at 702–03 (citing *Buller* in support of applying sufficiency standards as relevant factors within abuse of discretion standard of review).

■ Therefore, after reconsideration of the reasoning in *In re K.T.,* we abrogate that portion of *K.T.* stating that the criminal abuse of discretion standard is to be applied to disposition orders, and we hold that legal and factual sufficiency review of the trial court's fact findings are relevant factors within the abuse of discretion standard applied to disposition orders.

## DISCUSSION

■ In determining whether the trial court abused its discretion in committing E.K.G. to the TJJD for an indeterminate term, we evaluate whether the court's fact findings underlying its order are supported by legally and factually sufficient evidence. In evaluating the legal sufficiency of the evidence to support the trial court's findings, we consider evidence favorable to the finding if a reasonable fact finder could and disregard evidence contrary to the finding unless a reasonable fact finder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 807, 827 (Tex. 2005); *In re T.E.G.,* 222 S.W.3d at 679. Anything more than a scintilla of evidence

is legally sufficient to support the finding. *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996). When reviewing the factual sufficiency of the evidence to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to the finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *In re T.E.G.,* 222 S.W.3d at 679–80.

### Trial Court's Findings

Here, the trial court made the required statutory findings under Family Code section 54.05(m) when it found that:

- it is in the child's best interest to be placed outside the home;
- reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and
- the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.

TEX. FAM. CODE ANN. § 54.05(m) (requiring the same three findings as section 54.04(i) on original disposition). The three statutory findings are essential, but other evidence may also justify a trial court's disposition order committing a juvenile to the TJJD. *See In re A.M.C.,* 2011 WL 6090077, at \*3; *see also In re T.K.E.,* 5 S.W.3d at 785–86. Here, the trial court also made the following specific findings in support of its commitment order:

Child in need of supervision and structured and therapeutic environment; Probation provided numerous services and child continues to break the law and

violate terms and conditions of probation; Long history with probation department; Parents unable to adequately supervise child; Child is danger to self or others; History of runaway.

### Evidence

The original petition alleged that E.K.G. engaged in delinquent conduct on August 22, 2013 by committing felony theft, i.e., stealing ten items of jewelry from her mother with an aggregate value greater than $1,500 but not more than $20,000. The record contains a predisposition report prepared by the Bexar County Juvenile Probation Department in preparation for the hearing on the third motion to modify E.K.G.'s disposition. The report shows that E.K.G. has been referred to the Juvenile Probation Department ten times since 2013. Her juvenile history includes one adjudication for criminal mischief in addition to the adjudication for felony theft. As detailed, *supra*, E.K.G. repeatedly violated the conditions of her probation by failing to attend school, using illegal drugs, running away, and violating curfew. As part of her probation, E.K.G. was ordered to participate in an intensive clinical services program. After her parents dropped her off for therapy one day, E.K.G. encountered a male peer, had him pose as her father, and left with him. Her parents did not hear from her for nearly two months. During that period, her parents received many anonymous phone calls reporting that E.K.G. was being drugged and prostituted in an area of San Antonio known for illegal prostitution of minors.[1] Shortly thereafter, E.K.G. was referred to the Juvenile Probation Department for criminal mischief and evading arrest after a complaint was made that a male and

female were engaged in lewd conduct under the bleachers of a local school. When she was placed in the back of a patrol car, she became unruly and kicked out the windows. E.K.G. was re-referred to the Probation Department a short while after for assaulting her parents with a pair of scissors. Once more, E.K.G. was combative with officers and was placed in custody by force. The report further shows that E.K.G. has a tumultuous relationship with her parents and siblings, and does not have any positive adult relationships. The report states that E.K.G. has been enrolled in several programs with the Bexar County Juvenile Probation Department and they have all been unsuccessful. Finally, the report recommended that E.K.G. be found to have violated the conditions of her probation and that she be committed to TJJD.

In addition, the record contains a discharge summary from Mission Road Center Girls Residential Treatment Program (MRC), the residential placement facility where E.K.G. was placed after the State's second motion to modify her disposition. The discharge summary reflects that, while at MRC, E.K.G. continuously refused to comply with staff orders, attempted escape, and assaulted an officer. The discharge summary states that on her first night in placement, E.K.G. threatened to do anything necessary to be discharged from placement and returned to detention. During her placement at MRC, E.K.G. had 166 behavioral time-outs and 20 room restrictions due to her refusal to complete the behavioral time-outs. E.K.G. had 12 disciplinary seclusions, plus three administrative seclusions which resulted from verbal threats directed at another resident, an attempted escape, and an assault on a staff

---

1. The record before us does not indicate what investigation, if any, was performed to confirm these allegations.

member. Two other seclusions were the result of E.K.G.'s possession of contraband (a paper clip) and making an aggressive gesture toward staff. There was also an incident in which E.K.G. scratched the words, "God kill me, amen" on her right leg.

Finally, E.K.G.'s probation officer, Rosalie R. Vogt, testified at the hearing on the State's third motion to modify disposition. Ms. Vogt testified that despite E.K.G.'s continued noncompliance with the conditions of the placement facility, E.K.G. had made progress by setting goals for herself and making plans for independent living. Ms. Vogt testified that she and E.K.G. had a good working relationship. Ms. Vogt noted that the Department recommended commitment in its predisposition report because it was unlikely that any other placement facility would consider admitting E.K.G. due to her felony theft adjudication and her combative behavior and assaults against staff, including a possible felony charge for assault against an officer. When the trial court inquired as to whether there were any less restrictive options available, Ms. Vogt checked and then confirmed that nothing else was available. Ms. Vogt stated the Department would not reconsider its recommendation of commitment. At the conclusion of the hearing, the trial court verbally found that E.K.G. was in need of supervision and a structured environment which her parents could not provide at home, she has a history of running away, and E.K.G. is a danger to herself or others. The court also found that the Probation Department had provided numerous services to E.K.G., but she still continued to break the law. The court further found that no suitable placement facility was available as an alternative to commitment to the TJJD.

### Analysis and Conclusion

While it is not necessary for a juvenile court to exhaust all possible alternatives before committing a juvenile to the TJJD, the trial court in this case provided E.K.G. with multiple alternative dispositions by initially placing her on probation in the custody of her parents, extending the term of her probation on the State's first motion to modify disposition, and placing her on probation outside the home in a residential placement facility until her eighteenth birthday on the State's second motion to modify disposition. *See In re T.R.*, No. 04–10–00384–CV, 2011 WL 721496, at *2 (Tex.App.–San Antonio March 2, 2011, no pet.) (mem.op.); *see also In re J.R.C.*, 236 S.W.3d 870, 875 (Tex. App.–Texarkana 2007, no pet.). The record shows that E.K.G. repeatedly violated the terms of her probation, both in the custody of her parents and in the placement facility, showing a disregard for authority. E.K.G. also engaged in repeated aggressive and assaultive behavior against her parents, other placement residents and staff, and law enforcement officers; she may face a felony charge for assault on a public officer. *See In re J.P.*, 136 S.W.3d 629, 632 (Tex.2004) (a primary concern of the Juvenile Justice Code is the safety of the public); *see also* Tex. Fam. Code Ann. § 51.01 (West 2014) (stating the purposes of the Juvenile Justice Code). The record shows that E.K.G. lacks adequate supervision and structure in her home as evidenced, in part, by her failing to attend school, running away, and continuing to engage in delinquent conduct. Finally, the record shows that less restrictive placement options were unavailable to E.K.G. at this stage.

Based on our review of the evidence, we hold the trial court did not abuse its discretion in committing E.K.G. to TJJD for an indeterminate term as the evidence is legally and factually sufficient to support the trial court's findings underlying its

modified disposition order. Accordingly, we affirm the trial court's disposition order.