# NO. 12-17-00016-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF J.W.,* | § | *APPEAL FROM THE 279TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *A JUVENILE* | § | *JEFFERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*[1]

J.W., a juvenile, appeals from the trial court's order committing him to the Texas Juvenile Justice Department – Institutional Division (TJJD) for an indeterminate period under section 54.05 of the Texas Family Code. J.W. raises four issues on appeal. We affirm.

### BACKGROUND

According to the State's petition, J.W. engaged in delinquent conduct by entering a habitation with intent to commit theft and misappropriating property of another. J.W. signed a Stipulation of Evidence in which he judicially confessed under oath that he committed the crimes. The trial court found beyond a reasonable doubt that J.W. entered a habitation with intent to commit theft and misappropriated property of another.

The trial court placed J.W. on probation, which required that J.W. continue under the care, guidance, and control of the trial court for one year, subject to extension, because J.W. had engaged in delinquent conduct or conduct indicating a need for supervision. J.W. and his mother acknowledged that they received a copy of the Probation Order and understood the terms and conditions of J.W.'s probation.

---

[1] Pursuant to a docket equalization order issued by the Supreme Court of Texas on December 13, 2016, this appeal has been transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas.

J.W. subsequently violated the terms of his probation. J.W. signed a Stipulation of Evidence in which he judicially confessed under oath to violating the terms of his probation. The trial court found beyond a reasonable doubt that J.W. (1) violated the terms of his probation, and (2) continued to be in need of supervision and rehabilitation. The trial court ordered J.W.'s probation extended for one year, again subject to extension.

After violating the terms of his probation a second time, J.W. signed yet another Stipulation of Evidence and judicially confessed under oath that he violated the terms of his probation. The trial court again found beyond a reasonable doubt that J.W. violated the terms of his probation and continued to need rehabilitation. The trial court ordered J.W.'s probation extended for one year, again subject to extension. The trial court also found that it was in the best interests of J.W. to be placed outside of his home. Accordingly, the trial court ordered J.W. placed into Unlimited Visions Adolescent Treatment Program (Unlimited Visions) in Pasadena, Texas. J.W. successfully discharged from Unlimited Visions and returned to reside with his mother.

However, J.W. violated the terms of his probation a third time. J.W. again signed a Stipulation of Evidence in which he judicially confessed under oath that he violated the terms of his probation. The trial court again found beyond a reasonable doubt that J.W. violated the terms of his probation, and continued to be in need of supervision and rehabilitation. The trial court ordered J.W.'s probation extended for one year, again subject to extension. This time, the trial court ordered J.W. placed into the Intensive Supervision Program administered by the Jefferson County Juvenile Probation Department. The trial court further ordered that J.W. submit to electronic monitoring and cooperate with and successfully complete the Drug Court Program at Minnie Rogers Juvenile Justice Center.

J.W. subsequently violated the terms of his probation for a fourth time. J.W. signed another Stipulation of Evidence judicially confessing under oath that he violated the terms of his probation. The trial court again found beyond a reasonable doubt that J.W. violated the terms of his probation, and continued to be in need of rehabilitation. The trial court ordered J.W.'s probation extended for one year, again subject to extension, but found that it was in J.W.'s best interest to be placed outside of his home.

The trial court ordered J.W. placed with Grayson County Department of Juvenile Services (Grayson County) in Denison, Texas. The trial court ordered J.W. to cooperate with

and participate in counseling sponsored by Grayson County. The trial court further ordered that J.W. submit to electronic monitoring and to participate in the Jefferson County Drug Court Program with the Intensive Supervision Program.

J.W. and his mother again acknowledged that they received a copy of the trial court's Probation Order and understood each of the terms and conditions of J.W.'s probation. One of those terms required that J.W. "[r]emain and cooperate with Placement until properly discharged by facility staff. Placed at Grayson County Department of Juvenile Services in Denison, [Texas.]"

J.W. violated the terms of his probation a fifth time. Specifically, J.W. failed to remain and cooperate with placement until properly discharged by the staff at Grayson County. J.W. signed a Stipulation of Evidence in which he judicially confessed under oath that he violated the terms of his probation. The trial court again found beyond a reasonable doubt that J.W. violated the terms of his probation.

However, the trial court also found that J.W. needed rehabilitation and could not be provided in his home the quality of care and level of support and supervision that he needed to meet the conditions of probation. The trial court determined that it was in J.W.'s best interest to be placed outside his home because (1) suitable supervision, care, or protection was not being provided by a parent, guardian, custodian, or other person, (2) the parent or guardian lacked sufficient parenting skills to provide adequate supervision, (3) the parent or guardian had attempted to provide supervision, but J.W. had not responded, (4) J.W. may be dangerous to himself or may be a threat to the safety of the public if released, (5) J.W. had a history of aggression toward others, and (6) J.W. was on probation. Finally, the trial court found that reasonable efforts were made to prevent or eliminate the need for J.W.'s removal from his home and to make it possible for J.W. to return to his home. The trial court had previously ordered J.W. into delinquent court ordered probation and extended delinquent court ordered probation with placement and had referred J.W. for a psychological evaluation. The trial court determined that these efforts were unsuccessful in rehabilitating J.W. and that J.W. (1) refused to accept parental supervision, and (2) indicated intentions of engaging in further delinquent conduct.

Accordingly, the trial court ordered J.W. committed to the care, custody, and control of TJJD for an indeterminate period of time not to exceed the time when J.W. is nineteen years of age. This appeal followed.

## COMMITMENT TO TJJD

In his fourth issue, J.W. asserts that the evidence was legally insufficient to support the judgment of the trial court. In his second issue, J.W. contends that the trial court abused its discretion by failing to evaluate placement of J.W. in the least restrictive alternative setting.

**Standard of Review and Applicable Law**

When a juvenile attacks a juvenile court's modification order, we review the order under a two-step process. *In the Matter of C.J.B.*, 463 S.W.3d 626, 630 (Tex. App.—El Paso 2015, no pet.). We first examine whether sufficient evidence supports the violation finding. *Id.* When the juvenile has a prior disposition based on a finding that the juvenile engaged in a felony offense, the juvenile court may modify the disposition and commit the juvenile to TJJD if it finds by a preponderance of evidence that the juvenile violated a reasonable and lawful order of the court. *Id.*; *see also* TEX. FAM. CODE ANN. § 54.05(f) (West Supp. 2016).

When assessing the legal sufficiency of a finding, we weigh the evidence in the light most favorable to the verdict. *In the Matter of C.J.B.*, 463 S.W.3d at 630. We sustain a legal sufficiency challenge if, after our review of the record, we determine (1) there is a complete absence of a vital fact, (2) we are barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact. *Id.* at 630-31.

If we determine that the evidence was sufficient, we then examine the juvenile court's exercise of discretion in its modification order. *Id.* Juvenile courts have been given broad discretion to determine the suitable disposition of children who have engaged in delinquent conduct. *In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.). Accordingly, juvenile courts have broad discretion in proceedings to modify a juvenile's disposition. *In the Matter of E.K.G.*, 487 S.W.3d 670, 673 (Tex. App.—San Antonio 2016, no pet.). We review a juvenile court's determination under an abuse of discretion standard. *See id.* A juvenile court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to guiding rules or principles. *Id.* A juvenile court does not abuse its discretion when some evidence of substantive and probative character supports its decision. *In re M.A.S.*, 438 S.W.3d 803, 807 (Tex. App.—El Paso 2014, no pet.).

Commitment to TJJD is the most severe form of incarceration in the juvenile justice system. *In the Matter of C.J.B.*, 463 S.W.3d at 631. While it is inappropriate to use commitment to TJJD in all situations, juvenile courts are not required to exhaust all possible alternatives before committing a juvenile to TJJD. *Id.* A trial court may "decline third and fourth chances to a juvenile who has abused a second chance." *In re M.A.S.*, 438 S.W.3d at 807.

**Application**

The record demonstrates that J.W. had a prior disposition based on a finding that he had engaged in a felony. J.W. judicially confessed, under oath, to entering a habitation with intent to commit theft. J.W. also violated the trial court's probation order when he violated the terms of his probation. J.W. judicially confessed under oath to violating his probation, specifically that he failed to remain and cooperate with placement until properly discharged by the staff at Grayson County.

On appeal, J.W. argues that his testimony before the trial court established legitimate excuses to any violations of his probation. J.W. further argues that the State offered scant evidence of his violations while with Grayson County. From our review of the record, we disagree.

J.W. behaved relatively well while placed with Grayson County for approximately the first three months of his stay. He was disciplined only three times; twice for disrespecting staff and once for disruption of scheduled activities. J.W. performed well in several areas and earned a respectable percentage of the points necessary to complete the program.

However, J.W. later began exhibiting negative behavior. He received numerous write ups from the staff, and stopped performing well in any areas. J.W. was unsuccessfully discharged from the program because he persistently violated facility rules while in placement. At the time of his discharge, J.W. had only fifty-five points when 3,600 were required to complete the program. J.W. had received sixty-three behavioral reports and sixteen confinement reports. J.W. disrupted scheduled activities, stole or traded property, manipulated and disrespected staff, promoted fighting, violated computer rules, possessed contraband, refused to participate in activities, moved about the facility without authorization, and failed to follow staff's instructions.

J.W. admitted as "true" the allegation that he violated his probation. He then attempted to excuse or minimize his behavioral difficulties while with Grayson County. J.W.'s mother also

testified on J.W.'s behalf. She stated that J.W. made progress towards rehabilitation, but she admitted that J.W. occasionally lost ground.

Under these circumstances, we conclude that the trial court's judgment is supported by legally sufficient evidence. The trial court reasonably could have determined that J.W. (1) had a prior disposition based on a finding that J.W. had engaged in a felony, and (2) violated a reasonable and lawful order of the court. *See In the Matter of C.J.B.*, 463 S.W.3d at 630; *see also* TEX. FAM. CODE ANN. § 54.05(f). We overrule J.W.'s fourth issue.

Similarly, the trial court could have reasonably determined that commitment to TJJD was necessary and that placement in a less restrictive alternative setting was not warranted. J.W. not only had abused a second chance, but had abused several chances. *See In re M.A.S.*, 438 S.W.3d at 807. While not compelled to exhaust all possible alternatives before committing J.W. to TJJD, the trial court stated that he had no other alternative placement to send J.W.

J.W. had failed to rehabilitate fully to the point of fulfilling his probation despite several previous chances. J.W. successfully discharged from Unlimited Visions, but still violated his probation after that successful discharge. Thus, we conclude that J.W. has not demonstrate that the trial court abused its discretion by failing to evaluate placement of J.W. in the least restrictive alternative setting. We overrule J.W.'s second issue.

## REQUIRED FINDINGS

In his first issue, J.W. argues that the trial court abused its discretion by failing to make required findings when the trial court ordered J.W. committed to TJJD.

### Applicable Law

Juvenile courts may commit a child to TJJD by modifying the juvenile's disposition. TEX. FAM. CODE ANN. § 54.05(a), (i), (m). To modify a juvenile's disposition to commit the juvenile to TJJD, the court must find that (1) it is in the child's best interests to be placed outside the child's home, (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the child's home and to make it possible for the child to return home, and (3) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation. *Id.* § 54.05 (m)(1). Juvenile courts must do more than merely recite the statutory language. *In the Matter of C.J.B.*, 463

6

S.W.3d at 631.  Statutory language supplemented by additional findings is sufficient.  ***In re J.M.***, 287 S.W.3d 481, 489 (Tex. App.—Texarkana 2009, no pet.).

<u>Application</u>

Here, although J.W. initially contends that the trial court failed to make the findings required by section 54.05(m)(1), later in his appellate brief, J.W. concedes that the trial court made the required findings.  Nevertheless, J.W. argues that the trial court "prepared a list of broad, general (and somewhat amorphous) reasons it gives for its decisions by checking the appropriate boxes" applicable to J.W. While J.W. may not appreciate the manner in which the trial court made its findings, the trial court did make the required findings.  Specifically, the trial court found that it was in J.W.'s best interest to be placed outside his home because (1) suitable supervision, care, or protection was not being provided by a parent, guardian, custodian, or other person, (2) the parent or guardian lacked sufficient parenting skills to provide adequate supervision, (3) the parent or guardian had attempted to provide supervision, but J.W. had not responded, (4) J.W. may be dangerous to himself or may be a threat to the safety of the public if released, (5) J.W. had a history of aggression toward others, and (6) J.W. was on probation.  The trial court also included in Exhibit A to the trial court's judgment and order of commitment that J.W. refused to accept parental supervision and had indicated intentions of engaging in further delinquent conduct.

The trial court found that reasonable efforts were made to prevent or eliminate the need for J.W.'s removal from his home and to make it possible for J.W. to return to his home because the trial court had previously ordered J.W. into delinquent court ordered probation, extended delinquent court ordered probation with placement, and referred J.W. for a psychological evaluation.  Finally, the trial court found that J.W., in his home, cannot be provided the quality of care and level of support and supervision that J.W. needed to meet the conditions of probation.

We conclude that the trial court made sufficient findings, as required by section 54.05 (m)(1).  *See* TEX. FAM. CODE ANN. § 54.05(m)(1); *see also **In re J.M.***, 287 S.W.3d at 489. J.W. has not shown that the trial court abused its discretion.  Therefore, we overrule J.W.'s first issue.

**DUE PROCESS**

In his third issue, J.W. contends that section 54.05(j) of the Texas Family Code is unconstitutional as applied under the Due Process Clause of the Fourteenth Amendment.

7

## Applicable Law

When confronted with an attack on the constitutionality of a statute, we presume that the statute is valid. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *see also In the Matter of J.G.*, 495 S.W.3d 354, 364 (Tex. App.—Houston [1st Dist.] 2016, pet. filed). The burden rests upon the individual attacking the statute to establish that it is unconstitutional. *Rodriguez*, 93 S.W.3d at 69. A claim that a statute is unconstitutional "as applied" asserts that the statute, although generally constitutional, operates unconstitutionally in specific circumstances. *See Gillenwaters v. State*, 205 S.W.3d 534, 536 n.3 (Tex. Crim. App. 2006).

Generally, a complaint must be made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1. Complaints regarding the constitutionality of statutes are not exempt from this rule and may be waived. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *see also Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the Fourteenth Amendment to the Constitution of the United States); *In re Doe 2*, 19 S.W.3d 278, 284 (Tex. 2000) (finding error where trial court determined constitutionality of statute but none of the parties had properly raised the issue). An "as applied" constitutional claim is also subject to the preservation requirement and must be presented at the trial court level to preserve error. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *see also In re C.T.H.*, 112 S.W.3d 262, 264-65 (Tex. App.—Beaumont 2003, no pet.).

## Analysis

Here, the record does not demonstrate that J.W. presented his constitutional complaint in the trial court. J.W. concedes that he made no objection to the trial court regarding the constitutionality of section 54.05(j) of the Texas Family Code. Accordingly, J.W. failed to preserve his third issue for appellate review. *See Reynolds*, 423 S.W.3d at 383; *see also In re C.T.H.*, 112 S.W.3d at 264-65. We overrule J.W.'s third issue.

### DISPOSITION

Having overruled J.W.'s four issues, we *affirm* the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*
(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-17-00016-CV**

**IN THE MATTER OF J.W., A JUVENILE**

Appeal from the 279th District Court
of Jefferson County, Texas (Tr.Ct.No. F-12432-J)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*