

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00807-CV

**IN RE D.L.S.W.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2017JUV00556
Honorable Daphne Previti Austin, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:          Rebeca C. Martinez, Justice
                  Beth Watkins, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: June 19, 2019

AFFIRMED

D.L.S.W., a juvenile, appeals the trial court's order modifying her disposition and placing her outside her home in the care, custody, and control of the Chief Juvenile Probation Officer of Bexar County.  We affirm the trial court's order.

## BACKGROUND

On June 7, 2017, D.L.S.W. was placed on juvenile probation, in the care, custody, and control of her mother following her adjudication of delinquent conduct.  Over the next sixteen months, the child was noncompliant with the terms of her supervision.  The State moved to modify D.L.S.W.'s disposition on three separate occasions; each modification resulted in an extension of her probation period but maintained placement of D.L.S.W. with her mother.  These first three modification orders are not at issue.

The State filed its fourth motion to modify disposition on September 26, 2018, alleging D.L.S.W. violated the current conditions of her probation. These conditions included requirements that D.L.S.W. attend school every day and follow all school rules with no unexcused absences ("Condition No. 2") and that D.L.S.W. not leave home without the permission of her parent/guardian or probation officer ("Condition No. 8"). The State's fourth motion alleged that D.L.S.W. was in violation of Condition No. 2 by failing to attend school every day and follow school rules and Condition No. 8 by leaving home without permission. D.L.S.W. pled "true" to the allegations. The State recommended extended probation and placement outside the home. D.L.S.W. requested continued probation in her home.

After considering the pleadings, evidence, and arguments of counsel, the trial court ordered D.L.S.W.'s probation be extended in the care, custody, and control of the Chief Juvenile Probation Officer of Bexar County for a period of fifteen months. D.L.S.W. timely appealed the trial court's modification order.

## STANDARD OF REVIEW AND APPLICABLE LAW

A juvenile court has broad discretion to determine a suitable disposition for a juvenile found to have engaged in delinquent conduct, particularly in proceedings involving modification. *See In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.—San Antonio 2006, no pet.); *see also In re E.K.G.*, 487 S.W.3d 670, 673 (Tex. App.—San Antonio 2016, no pet.) (explaining juvenile courts are vested with an even greater amount of discretion when modifying disposition). A trial court abuses its discretion when "[it] acts unreasonably or arbitrarily, or without reference to any guiding rules or principles." *In re E.K.G.*, 487 S.W.3d at 673. Absent an abuse of discretion, a reviewing court will not disturb the juvenile court's disposition or modification of a disposition. *Id.*

An order authorizing placement outside the child's home, whether at the original disposition hearing or upon modification of disposition, must be based on the findings that: "(A) it

is in the child's best interests to be placed outside the child's home; (B) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and (C) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation . . . ." TEX. FAM. CODE ANN. § 54.05(m)(1)(A)–(C) (pertaining to modification orders); *see also id.* § 54.04(i) (pertaining to original disposition hearings). In addition to the statutory requirements, a trial court may consider other evidence to support a disposition order authorizing placement of the child outside the child's home. *See In re E.K.G.*, 487 S.W.3d at 676 ("The three statutory findings are essential, but other evidence may also justify a trial court's disposition order [placing] a juvenile [outside the home]."); *In re H.L.*, No. 04-15-00094-CV, 2016 WL 929214, at *2 (Tex. App.—San Antonio Feb. 24, 2016, no pet.) (mem. op.) (citing eleven additional reasons for authorizing placement outside the home, including the "serious nature of [the] offense" and the "child [is] in need of supervision").

Additionally, the legal and factual sufficiency of the fact findings underlying the juvenile court's disposition are relevant factors in determining whether an abuse of discretion occurred. *In re E.K.G.*, 487 S.W.3d at 676; *see Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (recognizing that in appropriate cases both legal and factual sufficiency may be taken into account when determining whether a trial court abused its discretion). In reviewing the legal sufficiency of the evidence supporting the trial court's order, favorable evidence is considered if a reasonable and fair-minded fact finder could consider such evidence, and evidence contrary to the court's finding is disregarded unless a reasonable and fair-minded fact finder could not disregard such evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005); *In re E.K.G.*, 487 S.W.3d at 676. When evaluating factual sufficiency, a reviewing court shall set aside a trial court's order only if, after considering and weighing all of the evidence in the record, it determines the

evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the finding should be set aside. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *see also In re E.K.G.*, 487 S.W.3d at 676 (applying the same factual sufficiency standard in a juvenile modification of disposition hearing).

**DISCUSSION**

In her sole issue, D.L.S.W. contends the trial court abused its discretion when it placed her outside the home because the evidence is factually insufficient to support the trial court's findings. Specifically, D.L.S.W. argues the evidence supporting the trial court's order is contrary to the overwhelming weight of all the evidence presented at the hearing. We disagree.

_Evidence Adduced at the Modification Hearing_

At the modification hearing, the trial court accepted the stipulated evidence, consisting of the conditions of probation in effect at the time of D.L.S.W.'s alleged violations, D.L.S.W.'s school attendance records and incident reports, a missing person police report concerning D.L.S.W., and the Probation Officer's narratives for September 16, 2018. D.L.S.W. admitted her absences and behavioral issues at school occurred on August 28–30, 2018, and September 4, 5, 6, 7, 11, 13, 17, and 18, 2018. The trial court admitted and reviewed D.L.S.W.'s predisposition report, which states that D.L.S.W. was placed in alternative school due to continued misbehavior. The report notes that attendance and behavioral issues continued in this setting. The trial court determined that D.L.S.W.'s recurring absences and behavioral incidents violated the requirements of Condition No. 2, which required D.L.S.W. to attend school and follow all school rules.

The trial court reviewed the missing person report D.L.S.W.'s mother filed on September 16, 2018. Her mother noted in the report that D.L.S.W. has a history of running away. Additionally, the trial court reviewed the admitted predisposition report, which indicates that D.L.S.W. ran away again a few days later, and was subsequently found at a nightclub. Because

D.L.S.W. left home without permission, the trial court determined D.L.S.W. was in violation of Condition No. 8, which prohibited her from leaving home without the permission of her mother or probation officer.

D.L.S.W.'s mother testified at the modification hearing and described herself as D.L.S.W.'s "biggest trigger," explaining that D.L.S.W. often gets angry because of her mother and continues missing school and running away. D.L.S.W. also testified at the hearing. She acknowledged her repeated violations and expressed her desire and motivation to take control of her life, citing her anger as the reason she continuously acts out. D.L.S.W. testified that her trauma has not been properly treated because the counselors she worked with in the past left, causing a setback and interfering with her progress. In addition, the trial court reviewed admitted photographs of D.L.S.W. posing with a firearm.

Based upon this evidence, the trial court found, pursuant to section 54.05(m) of the Texas Family Code, that (1) it is in D.L.S.W.'s best interest to be placed outside her home; (2) reasonable efforts were made to prevent or eliminate the need to place her outside her home; and (3) D.L.S.W., in her home, cannot be provided the quality of care and level of support and supervision that she needed. The trial court also determined that D.L.S.W. needs "supervision and/or structured and/or [a] therapeutic environment."

_Analysis_

The record before the trial court contains evidence that adequately supports the court's determination that placement outside the home is in D.L.S.W.'s best interest. *See* TEX. FAM. CODE ANN. § 54.05(m)(1)(A). The record shows that D.L.S.W., over a period of sixteen months, repeatedly violated her conditions of probation by engaging in inappropriate behavior while in the custody of her mother. Specifically, D.L.S.W. continued to violate the terms of her probation by missing several days of school, acting out while in school, and running away from home. *See In*

*re E.K.G.*, 487 S.W.3d at 678 (determining continuous violations of the child's conditions of probation while at home suggests placement outside the home is in the child's best interest).

The record also contains evidence that reasonable efforts were made to avoid placement of D.L.S.W. outside her home. *See* TEX. FAM. CODE ANN. § 54.05(m)(1)(B). The trial court reviewed the record establishing that D.L.S.W. appeared in court several times in response to the State's motions for modification of disposition due to D.L.S.W.'s noncompliance with the terms of her probation. Each of the first three motions to modify disposition resulted in orders extending the probation period and continuing D.L.S.W.'s probation in the care, custody, and control of her mother. These first three modification orders amounted to reasonable efforts to maintain D.L.S.W. in her home. *See In re E.K.G.*, 487 S.W.3d at 678 (recognizing multiple alternative dispositions made prior to placement outside the home amounted to reasonable efforts to avoid removal of the child); *see also In re J.D.S.*, No. 04-15-00540-CV, 2016 WL 3342137, at *3 (Tex. App.—San Antonio June 15, 2016, no pet.) (mem. op.) (concluding reasonable efforts were made before the trial court authorized placement outside the home because the child's probation period was extended three times while in the custody of the child's mother).

Evidence in the record also supports the trial court's finding that D.L.S.W. cannot be provided the quality of care and level of support at home that she needs to meet her conditions of probation. *See* TEX. FAM. CODE ANN. § 54.05(m)(1)(C). The trial court reasonably determined that placement in D.L.S.W.'s home had not fostered the rehabilitation and fulfillment of D.L.S.W.'s probation requirements based on D.L.S.W.'s continued disregard for her conditions of probation while at home and the difficulties she had with her mother. *See In re C.J.B.*, 463 S.W.3d 626, 632 (Tex. App. 2015—El Paso 2015) (asserting the trial court's "quality of care and level of support" finding was supported by evidence in the record demonstrating that the child had a difficult relationship with parents and struggled with conditions of probation); *see also In re J.D.S.*,

No. 04-15-00540-CV, 2016 WL 3342137, at *3 ("The trial court is in the best position to determine a parent's ability to adequately supervise the juvenile.").

Finally, evidence of D.L.S.W.'s purported self-awareness and motivation to remedy her issues are not, in and of themselves, so overwhelmingly contrary to the trial court's findings that the disposition order at issue is manifestly unjust. *See Cain*, 709 S.W.2d at 176 (explaining a reviewing court should only set aside a lower court's finding if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust"); *see also In re A.T.M.*, 281 S.W.3d 67, 72 (Tex. App.—El Paso 2008, no pet.) (finding there was sufficient evidence to support the trial court's order of placement outside the home although the child had made efforts to change his life around).

The evidence adduced at the modification hearing and D.L.S.W.'s probation history is legally and factually sufficient to support the trial court's finding that placement outside the home was in D.L.S.W.'s best interest and was required to provide the level of support and quality of care D.L.S.W. needed to meet her conditions of probation after reasonable efforts to keep D.L.S.W. in her home were made. *See* TEX. FAM. CODE ANN. § 54.05(m). Therefore, we hold the trial court did not abuse its discretion in modifying the child's disposition and authorizing placement of D.L.S.W. outside her home.

## CONCLUSION

We affirm the trial court's modified disposition order.

Rebeca C. Martinez, Justice